249 So.2d 661 (1971)
R.W. BOYDSTUN, Jr.
v.
Marshall PERRY.
No. 46359.
Supreme Court of Mississippi.
June 18, 1971.
R.W. Boydstun, Jr., Louisville, for appellant.
No brief filed for appellee on merits of case.
*662 PER CURIAM:
R.W. Boydstun, Jr., an attorney, appeals from a judgment of the Circuit Court of Newton County dismissing his petition seeking a writ of mandamus, to be directed to the circuit court judge of an adjoining circuit court district, commanding him to set for trial and to try two civil cases pending in his court in which petitioner was attorney for the plaintiffs.
The petition was filed in the Circuit Court of Newton County, a county of the Eighth Circuit Court District, which is a district adjoining the Fifth Circuit Court District in which the respondent judge presides. This was done, appellant says, because the respondent judge was a party interested in the case, citing Mississippi Code 1942 Annotated section 1110 (1956).
The petition for mandamus shall be filed in the circuit court of the county in which the tribunal, corporation, board, officer, or person made defendant, or some one or more of them, shall reside or be found; but if the judge of that court be interested, the petition may be filed in an adjoining circuit court district.
The petition alleged that, although the cases were triable, the defendant judge had failed and refused to set them for trial or to try them, and that he had, on the contrary, continued them on his own initiative, over the protest of appellant, when all parties were ready for trial. He alleged that one of the cases had been triable at the *663 July 1970 term and that, because of the judge's refusal to set it, has never been heard. The other case had been triable, petitioner alleged, at the July 1969 term and likewise has not yet been tried or set for trial. The Newton County Circuit Court held that it did not have jurisdiction to issue the writ and dismissed the petition.
Appellant contends that the setting of the trial docket is a ministerial duty, imposed by law upon the trial judge as the result of his office, and that mandamus will lie to compel the defendant judge to set cases for trial and to try pending cases in the order of their filing and according to their numerical order where there has been an unreasonable failure or refusal of the judge to perform his duty in that respect.
Appellant cites Mississippi Code 1942 Annotated section 1418 (1956) as defining the duties of the court with respect to its docket. This section provides:
Before each term of the court the clerk shall make out a docket, in which he shall enter all cases triable at the approaching term in the order in which they are filed and numbered; and, under the control of the court or judge, he shall set the causes for the several days of the term, commencing with the first day, and proceeding so far in the term as the number of suits may require. Subpoenas shall be made returnable on the day for which the case may be set; and a case shall not be taken up for trial before that day, except by consent. The court shall call the cases in order in which they stand on the docket, and each case shall be tried or continued, or set for trial on a future day, before proceeding to the trial of any other, except by consent.
It was and is appellant's contention that the judge of the Circuit Court of Newton County had jurisdiction in the premises, and was vested with power by mandamus to compel his coordinate judge in an adjoining district to perform his duties with respect to the setting of cases for trial according to their filing dates and in their numerical order on the docket. In this appellant is in error. Under Mississippi Code 1942 Annotated section 1109 (1956) a circuit court may issue the writ of mandamus, under circumstances set out in the statute, "commanding any inferior tribunal, corporation, board, officer, or person to do or not to do an act the performance or omission of which the law specially enjoins as a duty * * *." (Emphasis added).
The Legislature, in the enactment of Mississippi Code 1942 Annotated section 1109 (1956), seems to have adopted a general rule as to jurisdiction stated in 55 C.J.S. Mandamus § 240b (1948):
Where duties are imposed on a judge of a court as an officer, another judge of coordinate jurisdiction and power is without jurisdiction to issue a mandamus to compel performance of such duties, for the reason that the writ issues only from a superior to an inferior court.
We have found no decision of this Court upon the question, but in Shreve v. Pendleton, 129 Ga. 374, 58 S.E. 880 (1907) under circumstances somewhat analogous to those now before us, the Georgia Supreme Court said:
We think an insurmountable obstacle confronts the plaintiffs before the merits of their case can be considered. It involves a question of such grave concern that it is well that it should be settled before any serious complication may arise from one judge invading the jurisdiction of another judge of coordinate power, and compelling him by mandamus to do an act which, though not strictly judicial in character, appertains to, and is devolved upon, the judicial officer. If one judge of the superior court is without jurisdiction to issue the writ of mandamus against another judge of the superior court to compel the performance of an act appertaining to the latter's judicial office, this court will not reverse *664 the judgment refusing the writ. Harris et al. v. Sheffield, Judge, 128 Ga. 299, 57 S.E. 305.
After an extended discussion of the point, the Court concluded:
In our judgment one judge of the superior court cannot issue a mandamus to another judge of the superior court to compel the performance of an official act.
The Newton County Circuit Court correctly held that it was without jurisdiction to issue the writ to compel the judge of a coordinate court to act. Moreover, a trial judge must have control of his docket and should be accorded reasonable latitude with respect to it. He is, and must be, vested with a certain amount of judicial discretion in the setting, disposition and continuance of cases.
Only in a case of the clearest abuse of judicial discretion would a circuit judge's actions with respect to the docket settings in his court be subjected to control by mandamus. In such an event, that is, in a case in which the clearest abuse of judicial discretion is shown to exist, original jurisdiction of the proceedings must necessarily rest with this Court, although factual questions might be heard by a specially designated trial judge appointed by this Court to act as the trier of facts.
It is noted that 12-day terms of the Circuit Court of Winston County are scheduled by statute to be convened and held beginning on the third Monday in June and on the second Monday in July. It will be assumed that the court in which the cases are pending will set them for trial and dispose of them, at one or the other of these terms, since, according to the petition, they have been pending and triable for a long time.
The action of the Circuit Court of Newton County in dismissing the petition upon the ground that it was without jurisdiction to issue the writ of mandamus directed to a coordinate court was correct and is affirmed.
Affirmed.
ETHRIDGE, C.J., and PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.