402 So.2d 350 (1981)
STATE of Mississippi, Petitioner
v.
Darwin MAPLES, Judge, Respondent.
Misc. No. 1224.
Supreme Court of Mississippi.
August 19, 1981.
Michael C. Moore, Dist. Atty., Pascagoula, for petitioner.
En Banc.
SUGG, Justice, for the Court:

ON PETITION FOR WRIT OF PROHIBITION
On June 23, 1981, a Jackson County Grand Jury returned fifteen (15) indictments which have been assigned numbers on the docket of the Circuit Court of Jackson County as follows:
No. 11,032, State v. Lum Cumbest
No. 11,033, State v. Lum Cumbest and Dale Coleman
No. 11,034, State v. Edward A. Khayat
No. 11,035, State v. Edward A. Khayat
No. 11,036, State v. Edward A. Khayat
No. 11,037, State v. Edward A. Khayat
*351 No. 11,038, State v. Edward A. Khayat and Donald Cunningham
No. 11,039, State v. Edward A. Khayat and Frank Lynn
No. 11,040, State v. Edward A. Khayat and Anthony Watts
No. 11,041, State v. Edward A. Khayat, Ed McElroy, Lum Cumbest, Bill Roberts, Anthony Watts, Frank Lynn, Dale Coleman, and Donald Cunningham
No. 11,042, State v. Harry Krebs
No. 11,043, State v. Ed McElroy
No. 11,044, State v. Ed McElroy
No. 11,045, State v. Bill Roberts
No. 11,046, State v. Bill Roberts
On June 30, 1981, the District Attorney of the Nineteenth Judicial District filed a motion in each case requesting the three circuit judges to recuse themselves from hearing these cases. On July 1, 1981, Judge Clinton Lockard filed an order recusing himself from all the cases. On July 17, 1981, the motions came on to be heard before Judge Darwin Maples. At the conclusion of the hearing, Judge Maples entered an order overruling the motions, and recommended that the State:
[A]ppeal from this decision and ask the Supreme Court at this time for a ruling on this matter. You can probably get a hearing within five (5) days on this. And I honestly and sincerely request that you do that, because I believe you should get a ruling on this matter and not delay it that much.
On July 29 the district attorney filed in this Court a Petition for Writ of Prohibition, supported by his brief and attached a transcript of the record of the July 17 hearing. The petition for writ of prohibition was heard by a panel of three judges on August 7 on the transcript of the record and oral argument by the district attorney. Judge Maples did not appear at the hearing and did not file a brief.

I.
The first question in this case is whether this Court may issue a writ of prohibition.
The writ of prohibition is of ancient origin, and as the name imports, is one which prohibits a judge or court from taking some action the judge or court is about to do in a legal action. Although the writ is generally referred to as a common law remedy, its issuance is governed by the equitable principle that there is no wrong without a remedy. Originally the writ was issued to prevent courts or tribunals from exercising jurisdiction with which they were not vested. However, the function of the writ has been extended to cover situations where, even though the inferior court has jurisdiction, the superior court deems it necessary and advisable to issue the writ to prevent some palpable and irremedial injustice. Planters Insurance Co. v. Cramer, 47 Miss. 200 (1872), 73 C.J.S. Prohibition §§ 1 and 2 (1951); 63 Am.Jur.2d Prohibition §§ 1 and 2 (1972).
The writ has also been issued to restrain a judge from proceeding in a case in which he is disqualified to sit. Peters v. Jamieson, 48 Haw. 247, 397 P.2d 575 (1964); Cooper v. Howard, 267 Ky. 287, 102 S.W.2d 18 (Ky. 1937); 73 C.J.S. Prohibition § 11i (1951); 63 Am.Jur.2d Prohibition § 27 (1972).
However, in Wynne v. Railroad, 105 Miss. 784, 66 So. 410 (1914) and Planters Insurance Co. v. Cramer, 47 Miss. 200 (1872), this Court held that a writ of prohibition can only be issued by a court of original jurisdiction, holding such jurisdiction in the Supreme Court was excluded by Section 146 of the Constitution of 1890 and Section 4, Article 6 of the Constitution of 1869.
In Wynne, the circuit judge had entered an order requiring the defendant to have certain of its books, papers, and documents available for inspection by the plaintiffs on a specified date to allow the plaintiffs a reasonable time within which to make an inspection and such copies as they desired. The defendant Railroad Company filed a petition in this Court in which it alleged that the order was void because the circuit judge exceeded his authority in making it, and sought the writ to prohibit the circuit judge from enforcing the order granted by him.
*352 In Planters Insurance Company, the circuit judge of Warren County had overruled a motion to transfer the suit to Hinds County. The defendants sought a writ to prohibit the circuit judge of Warren County and the plaintiffs in the suit from proceeding with a trial in Warren County, contending the Circuit Court of Warren County did not have jurisdiction of the case.
In both cases this Court declined to issue the writs, holding it did not have the authority to issue the writs. This holding was obiter dictum in both cases because the errors complained of could have been preserved for review on appeal after a trial of the cases.
It should be noted at this time that this Court has announced a different rule pertaining to writs of mandamus by holding that the Supreme Court has original jurisdiction to entertain a writ of mandamus to compel a trial judge to act in a matter pending before him. This principle has an important bearing on the question under consideration because of the similarity between writs of mandamus and writs of prohibition. The writs are similar in that both are remedial writs and may be issued only by a superior court to an inferior court; one compels action, the other prohibits action.
In Boydstun v. Perry, 249 So.2d 661 (Miss. 1971), appellant filed a petition for a writ of mandamus in the Circuit Court of Newton County to require the circuit judge of an adjoining circuit court district to set for trial, and try, two civil cases in which appellant was attorney for the plaintiff. We affirmed the dismissal of the petition for a writ of mandamus, holding:
Where duties are imposed on a judge of a court as an officer, another judge of coordinate jurisdiction and power is without jurisdiction to issue a mandamus to compel performance of such duties, for the reason that the writ issues only from a superior to an inferior court. (249 So.2d at 663)
... .
Only in a case of the clearest abuse of judicial discretion would a circuit judge's actions with respect to the docket settings in his court be subjected to control by mandamus. In such an event, that is, in a case in which the clearest abuse of judicial discretion is shown to exist, original jurisdiction of the proceedings must necessarily rest with this Court, although factual questions might be heard by a specially designated trial judge appointed by this Court to act as the trier of facts. (249 So.2d at 664)
Moreover, in Woods v. Lee, 390 So.2d 1010 (Miss. 1980), we held that the remedy of a plaintiff, where he had filed a motion for judgment notwithstanding the verdict, and where the trial judge had neither ruled on nor entered an order on the motion after taking it under advisement, was by writ of mandamus to compel the trial judge to rule on the motion rather than by appeal under section 11-1-17 Mississippi Code Annotated (1972).
Appellant's remedy was by writ of mandamus to compel the trial judge to rule on the motion rather than by appeal. We therefore dismiss the appeal and remand the case for further proceedings. (390 So.2d at 1012)
Although we did not state in Woods that the mandamus could only be issued by this Court, this is implicit in the decision because the writ issues only from a superior to an inferior court and because a judge is without jurisdiction to issue a mandamus against another judge of coordinate jurisdiction and power.
In Cohens v. Virginia, 6 Wheat. [U.S.] 264, 5 L.Ed. 481 (1821), the United States Supreme Court, speaking through Chief Justice Marshall, stated:
[A] writ of prohibition, or any other similar writ, is in the nature of appellate process. (6 Wheat. at 397, 5 L.Ed. at 289)
The above statement summarizes the true function of a writ of prohibition, namely, the writ may issue as an aid to the appellate process by superior courts to inferior courts to prevent action by an inferior court or judge which cannot be remedied on appeal.
*353 It has been settled by prior decisions that the Supreme Court has original jurisdiction to issue a writ of mandamus to an inferior court. We see no logical reason for a different jurisdictional rule to apply to a writ of prohibition because both writs are remedial in nature, both writs may only be issued by a superior court to an inferior court, and the function of both writs is to aid in the appellate process. The writ of mandamus is an aid to the appellate process because a superior court directs an inferior court totake some affirmative action so the action of the inferior court may be reviewed on appeal. A writ of prohibition is an aid to the appellate process by preventing action by an inferior court or judge which cannot be remedied on appeal.
Therefore, we decline to follow the dictum in Wynne and Planters Insurance Co. and overrule those cases to the extent that they hold the Supreme Court does not have original jurisdiction to issue a writ of prohibition. We now hold the Supreme Court has original jurisdiction to issue a writ of prohibition.

II.
Having determined that we have original jurisdiction to entertain a petition for writ of prohibition, the next question is whether this is a proper case in which to exercise this jurisdiction.
After hearing the motions, the circuit judge declined to recuse himself. The overruling by a circuit judge of a motion to require him to vacate the bench is an interlocutory order, and ordinarily the Supreme Court will not review his action in an original proceeding here, since the petitioner may have the ruling reviewed on appeal. However, in a criminal case the State is without adequate remedy by appeal if the trial judge has erroneously refused to vacate the bench because if there is a verdict of acquittal or a directed verdict, the defendant in the criminal case may not be tried again because of the double jeopardy provisions of the Constitutions of the United States and the State of Mississippi. The inability of the State to have the error corrected on appeal takes the case out of the rule that the Supreme Court is without jurisdiction to review such an order in an original action for writ of prohibition. We hold this is a proper case to review the action of the trial judge in an original action for a writ of prohibition.
The rule announced in this case will not apply to plaintiffs or defendants in civil cases, or defendants in criminal cases, where the judge is requested to recuse himself, because such parties may have the ruling of the trial judge reviewed on appeal.

III.
The final question is whether the writ of prohibition should issue.
The petition for writ of prohibition in this case was accompanied by copies of the motions filed in the Circuit Court of Jackson County, a transcript of the record of the hearing, a copy of the final order of the circuit judge, and brief of the district attorney. Oral argument was made by the district attorney at the hearing in this Court. The circuit judge did not file a brief. Failure of the circuit judge to file a brief will be treated as any other appellee who fails to file a brief. The rule is that failure of appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error. Burt v. Duckworth, 206 So.2d 850 (Miss. 1968). Also, cases cited in Mississippi Digest, Key Number 770(1). After considering the record and brief in this case, we cannot say with confidence that there was no error.
Accordingly, the decision of the trial court is reversed, and a writ of prohibition will issue from this Court prohibiting Judge Darwin Maples from hearing the cases pending in the Circuit Court of Jackson County assigned docket numbers 11,032 to 11,046, both inclusive.
PETITION FOR WRIT OF PROHIBITION GRANTED.
*354 PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.