*427 ON PETITION FOR WRIT OF PROHIBITION
En Banc.
ROY NOBLE LEE, Presiding Justice,
for the Court:
This cause is before the Court upon a Petition for Writ of Prohibition filed by the State of Mississippi, ex rel Edwin Lloyd Pittman, Attorney General, against J. Ruble Griffin, Judge of the Second Circuit Court District of Mississippi, to prohibit him from (1) proceeding with a contempt action against the Attorney General of the State of Mississippi or any of his staff for an alleged violation of the judge’s bench opinion of February 21, 1984, and his order dated February 28, 1984; and (2) enjoining petitioner from prosecuting Cause No. 123,-959 in the Chancery Court of the First Judicial District of Hinds County, Mississippi, insofar as it applies to the defendant, William G. Burgin, Jr., until the petitioner pays unto William G. Burgin, Jr. the sum of $26,651.93, attorney’s fees. Judge Griffin filed a response to the petition.
William G. Burgin, Jr., defendant in Cause No. 15,934 in the Circuit Court of Lowndes County, Mississippi, and a defendant in Cause No. 123,959 in the Chancery Court of the First Judicial District of Hinds County, Mississippi, was permitted to intervene in the present action and has answered the petition. The contempt proceeding was stayed pending disposition of the Petition for Writ of Prohibition.

Facts

Prior to January 1, 1984, the then Attorney General filed suit in the Chancery Court of Lowndes County, Mississippi, on behalf of the State of Mississippi against William G. Burgin, Jr. seeking a money judgment. The cause was transferred to the Circuit Court of Lowndes County, and Honorable J. Ruble Griffin, Judge of the Second Circuit Court District of Mississippi, was appointed as Special Judge to preside over the cause. On February 15,1984, the State of Mississippi filed a motion for voluntary dismissal without prejudice under Rule 41(a)(2), Miss.R.Civ.P., and the motion was heard February 21, 1984, before Judge Griffin in Jackson, Hinds County, Mississippi, at which time the judge issued a bench opinion, pertinent parts of which follow:
So I am going to sustain the motion, but at the same time, I think these comments and the Fifth Circuit Court cases require that you pay the costs of litigation up to this point. I think that’s what is required by it and, as I said, that’s not limited to the taxable costs — in other words, costs payable to the Court officials — but to take into consideration reasonable attorneys’ fees and expenses, so I’m going to allow it. Now, how much I’m-going to allow, I don’t know.
The other conditions that you’ve mentioned, I am not going to consider. I’m going to let them dismiss and file when they get ready and where they want to and let the next Judge — I assume if it is filed in Hinds County, it won’t be me; it will be a Judge in Hinds County because there’ll be no reason for him to recuse himself because I don’t think they are kin or close neighbors of Pittman or Al-lain or Burgin so I’m assuming I won’t be the next Judge if it is filed — so the next Judge can take up those matters as Mr. Dillard pointed out, but I think I am obligated, Mr. Dillard, to impose reasonable costs of litigation on the State if they refile. That will be the point. If you refile, you’ve got to pay it and if you don’t refile, you don’t have to pay it.
[[Image here]]
BY MR. KESLER:
Are they precluded from filing any new lawsuit until this is settled?
BY THE COURT:
Yes, sir and it is the Rule that before you file another case, you will have to pay what is due — the attorneys’ fees awarded and the expenses and the accrued costs in Cause No. 15,934 in Lowndes County.
On February 22, 1984, Assistant Attorney General W.O. Dillard, one of the attorneys representing the State of Mississippi, *428 contacted Judge Griffin by telephone for a clarification of the February 21, 1984, bench order. The affidavit of Assistant Attorney General Dillard is made Exhibit B to the petition, and, among other things, reflects:
5. I advised the Court that the State wanted to file its lawsuit and felt like it had the right to do so and requested the Court to look at Rule 41(e) of Mississippi Rules of Civil Procedure to see if he agreed. The Judge stated to me, yes, you can file it and when I prepare the order I will change it to read file but can’t proceed until the fees are paid. We also discussed the federal fules [sic] and a federal case which held that if an attorney’s fee is allowed, that it can only be for the work rendered useless in the first proceeding. He requested that I send him an affidavit as to how much of the work could be used in the second case which was forwarded to him on the 24th.
[[Image here]]
7. That since the Court had agreed we could file the suit and that Rule 41(e) applied to the Hinds Chancery Court and no amount has yet been ordered to be paid, the Affiant filed the lawsuit against former Senator Burgin and seven (7) other defendants. On filing the suit, the Chancery Clerk was neither requested to issue process nor not to issue process; however, the Affiant does not know of and has never heard of any type legal proceedings where you file suit and not issue process and, particular, in view of the fact of the Judge’s comment as stated above that the Court of Hinds County would have to rule on the matters which, of course, it could not do without process. (Emphasis added)
Subsequent to that telephone conversation, suit was filed by the Attorney General on behalf of the State of Mississippi in the Chancery Court of the First Judicial District of Hinds County, February 22, 1984, against Intervenor Burgin and other defendants, wherein substantially the same issues were presented as in the Lowndes County Circuit Court case. Process issued for the defendants in due course.
On March 28, 1984, Judge Griffin entered a written order in the Lowndes County case, part of which states:
In this connection the Court points out that on the morning of February 22,1984 Assistant Attorney General Dillard called from Jackson to the Court’s chambers in Gulfport and request was made that the Court reconsider its award of attorneys fees. This was denied. The Court could find no exception in the rule, and still doesn’t to Civil 'Suits filed by the State. The Court informed counsel that the ruling of the Court here was a matter of common practice in Civil Actions in Federal Court, the Judicial System from which we obtained the Rules of Civil procedure, which were effective Jan. 1, 1982. However, the Court did on this occasion agree to use the prohibitive words “Not to Proceed” rather than “Not File" in reference to any New action by the State. The caller did not inform the Court that a new complaint had been prepared and was ready for filing.
[[Image here]]
The Court has learned from defense counsel that the defendant has been served with process in the new action. This violates both the bench ruling of February 21, 1984, and the telephonic permission granted on February 23, 1984.
It is therefore ordered and adjudged that this action be dismissed at the plaintiffs’ cost under Rule 41(a)(2) Miss.Rules of Civil Procedure.
It is therefore Ordered and Adjudged that the Plaintiff proceed no further with the prosecution of cause number 123,959 in the Chancery Court of the First Judicial District of Hinds County, Mississippi insofar as it applies to this defendant, William G. Burgin, Jr., until the plaintiff pays to him the sum of $26,651.93. (Emphasis added)
*429 Attorneys for Mr. Burgin filed a motion to cite the Attorney General of the State of Mississippi and members of his staff involved for contempt of the Circuit Court’s order and the matter was set for hearing March 9, 1984, in the Hinds County Courthouse, Jackson, Mississippi. From that action, this Petition for Writ of Prohibition stems.
In his response to the petition, the respondent circuit judge said:
Further, Special Assistant General W.O. Dillard not only called the Court on February 24, 1984, but also on February 22, 1984, and I am sure that Mr. Dillard understood exactly what the Court wanted, and as stated in the Court’s order in the Lowndes County case, the Court did agree to permit filing of a new suit, but the State was not to proceed.
I regret very much that the Attorney General did not understand the meaning of the word “proceed”. He should have read Rule 41(a)(1). In all deference the Court does feel that it has been caught in some semantical game. (Emphasis added)

Issues

The writ of prohibition is a remedial writ and extends to situations where, although an inferior court has jurisdiction, the superior court considers it necessary to issue the writ to prevent some irremedial injustice. Further, it is in the nature of appellate process. State v. Maples, 402 So.2d 350 (Miss.1981). In Maples, we held that issuance of the writ by this Court was proper to prohibit a circuit judge from presiding over certain criminal cases, where motions had been filed for his recusal, since the State of Mississippi might suffer ir-remedial harm from an adverse ruling, which could prevent an orderly judicial resolution of those eases. Likewise, we have held that the circuit court has authority, and should issue the writ, to restrain actions under an illegal ordinance; further, that an appeal was not an adequate remedy where the proceeding in the inferior court involved an infringement of property rights in such a way as to become oppressive. Crittenden v. Town of Booneville, 92 Miss. 277, 45 So. 723 (1908).
I.

The Contempt Proceeding

The entire record is the basis of the contempt proceeding, including the bench and written orders of the circuit judge, transcript of the proceedings on motion for voluntary dismissal, affidavits and exhibits, and response of the circuit judge, and is before the Court. Although it is not clear what the respondent judge intended in “permitting filing of a new suit but not proceeding with same,” it is abundantly clear from the record and, particularly, his response that the Attorney General was not in contempt of the lower court. That response set forth: “The court did agree to permit filing of a new suit, but the state was not to proceed. ”
Presenting a bill of complaint to the chancery clerk does not constitute filing suit. Before the complaint is legally filed, process must issue in due course. In In Re Estate of Stanback, 222 So.2d 660, 662 (Miss.1969), this Court said: “To constitute an actual legal filing the presentation of the Bill or Petition to the Clerk must be followed by the issuance of process in the normal and usual manner without undue delay.”
The written order of the respondent judge dated February 28, 1984, states:
The Court has learned from defense counsel that the defendant has been served with process in the new action. This violates both the bench ruling of February 21,1984 and the telephonic permission granted on February 23, 1984.
Thus, it is apparent that the Attorney General of the State of Mississippi already had been found to be in violation of the circuit court orders and the result of the contempt proceeding was a foregone conclusion.
The office of Attorney General of the State of Mississippi is a high and important *430 office, commanding and deserving prestige, authority and honor. The person who occupies that office is the chief attorney for the State of Mississippi and holds the office in trust for the citizens of the state. Certainly, a contempt proceeding against him on this record would result in an injustice and in irreparable harm to him and the State of Mississippi. In our opinion, the writ of prohibition is the only remedy to prevent such result, and the writ is granted prohibiting further action in the contempt proceeding.
II.

Award of Attorneys’ Fees

In his bench opinion of February 21, 1984, the respondent judge stated that he was going to allow attorneys’ fees for In-tervenor Burgin under Rule 41(a)(2). The attorneys for Mr. Burgin submitted a fee bill in the sum of $32,641.00. The respondent judge, in his written opinion, on February 28, 1984, reduced the attorneys’ fees and ordered:
It is therefore Ordered and Adjudged that the Plaintiff proceed no further with the prosecution of cause number 123,959 in the Chancery Court of the First Judicial District of Hinds County, Mississippi insofar as it applies to this defendant, William G. Burgin, Jr., until the plaintiff pays to him the sum of $26,651.93.
We address the allowance of attorneys’ fees under the rule only insofar as it applies to the State of Mississippi and the case sub judice.
In Pruett v. City of Rosedale, 421 So.2d 1046 (Miss.1982), this Court held that sovereign immunity should be abolished effective July 1, 1984. However, certain exceptions were provided, which appear at page 1052 of the opinion:
I.This Court hereby abolishes the doctrine of immunity of the “sovereign.” That term includes the state and its local subdivisions. All previous opinions of this Court upholding immunity of the sovereign are hereby overruled. See Appendix “A”.
II. We do not abolish by this opinion the historical and well-recognized principle of immunity granted to all legislative, judicial and executive bodies and those public officers who are vested with discretionary authority, which principle of immunity rests upon an entirely different basis, and is left intact by this decision.
III. Proper court procedure requires that we reverse and remand the case sub judice for further proceedings consistent with this opinion as of the date of its mandate. All other claims, demands, actions or causes of action that may accrue as a result of the mandate of this opinion shall apply only to those that accrue on or after July 1, 1984.
The Attorney General is the chief legal officer and adviser for the State of Mississippi, both civil and criminal, and is charged with managing all litigation on behalf of the state. He is given the sole power to bring or defend a lawsuit on behalf of a state agency, the subject matter of which is of state-wide interest. Miss.Code Ann. § 7-5-1 (1972). Among other duties he shall, at the request of the Governor or other state officer, prosecute suits on official bonds, contracts in which the State is interested, and prosecute or defend for the State all actions, civil or criminal, relating to any matter connected with the state offices. Miss.Code Ann. § 7-5-37 (1972). He is required to represent the State as counsel in all suits against the State in courts other than the Supreme Court, and act as counsel for any of the state officers in suits brought by or against them in their official capacity. Miss.Code Ann. § 7-5-39 (1972).
Thus, we conclude that the Attorney General is required by law, and it is his duty, to prosecute the suit against interve-nor Burgin and such other persons as may be proper parties, in the appropriate court and forum.
The State of Mississippi, because of the peculiar nature of its existence (for the benefit and welfare of all its citizens), occupies a different status from the ordinary litigant. For instance, (1) executions can *431 not be levied against the State. The Legislature must appropriate money for the payment of any judgment. Miss.Code Ann § 11-45-5 (1972). (2) No defaults or decrees pro confesso may be entered against the State. Miss.Code Ann. § 7-5-41 (1972). (3) Statutes of limitations do not run against the State and do run in favor of the State. Miss.Code Ann. § 15-1-51 (1972). (4) Statutes exempt the State from posting bond. Miss.Code Ann. §§ 11-45-21 and 11-27-29 (1972). (5) The State may sue for injunction without posting bond. Miss. Code Ann. § 11-13-9 (1972). (6) The State enjoys certain procedural advantages in contrast to other litigants because it would often be impractical, impossible, and unjust on broad constitutional grounds to require the same standard of the State as an individual in all cases.
We hold that Rule 41(a)(2) may not be interpreted and interposed to prevent the State of Mississippi and the Attorney General, when the law and his duty require it, from proceeding with the prosecution of Cause No. 123,959, now pending in the Chancery Court of the First Judicial District of Hinds County, Mississippi, insofar as it relates to intervenor William G. Bur-gin, Jr.[1] Therefore, the writ of prohibition is granted and the respondent circuit judge is prohibited from the enforcement of his written order dated February 28, 1984, that the State of Mississippi, ex rel Edwin Lloyd Pittman, Attorney General, proceed no further with the prosecution of Cause No. 123,959 in the Chancery Court of the First Judicial District of Hinds County, Mississippi, insofar as it applies to the defendant, William G. Burgin, Jr., until it pays to him the sum of $26,651.93 attorneys’ fees.
PETITION FOR WRIT OF PROHIBITION GRANTED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
PRATHER, J., not participating.

. Some justices base the holding on sovereign immunity and others base it upon broad constitutional grounds.