# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CA-00070-SCT

*RANDY BINNING*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/14/2017 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| TRIAL COURT ATTORNEYS: | WILLIAM HARVEY GRESHAM, JR. |
| | MARVIN M. VINING |
| | JAMES D. FRANKS, JR. |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARVIN M. VINING |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/31/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., KING AND BEAM, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     The State of Arizona and Williams Gaming, Inc.[1] (WMS), a manufacturer of electronic gaming machines, initiated a civil asset forfeiture against money Randy Binning had won, in part, in Tunica, Mississippi, casinos. Binning was indicted in Mississippi for violations of the Mississippi Gaming Control Act. A circuit court in Mississippi, however, dismissed all criminal charges against Binning with prejudice. Despite the dismissal of

---

[1]Also referred to in the record as "Bally's."

charges in Mississippi, the State of Arizona continues to prosecute the civil-forfeiture action. Binning now seeks a writ of prohibition clarifying to the state of Arizona that any further collateral attacks upon the dismissed criminal charges under Mississippi law should be barred as res judicata. Because Binning failed to provide sufficient authority that a court in Mississippi may issue a writ of prohibition to a court outside of the state, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

¶2. The general facts of this case are not in dispute. WMS admitted that it produced and sold to Caesars Entertainment Corporation (Caesars) a brand of Keno machines that were defective. When a player selected certain combinations of denominations and units to wager, the Keno games on those defective machines produced greater-than-normal pay tables. WMS admitted that the defect in those machines was due to its own inadvertent coding error and determined that no contact had occurred between any of its software engineers and Binning.

¶3. Binning, a professional gambler, learned of the particular combinations of denominations and units to wager in order to increase his odds of winning. In April 2013, Binning won money on defective Keno machines in both Tunica, Mississippi, and Joliet, Illinois. On April 29, 2013, during a traffic stop, law-enforcement officers in Coconino County, Arizona, seized more than $400,000 from Binning, a large portion of which Binning had won at Mississippi casinos.

¶4. A Tunica County grand jury indicted Binning on two counts of violating the Mississippi Gaming Control Act, Mississippi Code Sections 75-76-301(c) (Rev. 2016) and

75-76-311(2) (Rev. 2016). Binning also was indicted in Illinois. Following a bench trial in Illinois, all charges against Binning were dismissed. On June 30, 2015, the Mississippi circuit court also entered a pretrial order dismissing all charges against Binning with prejudice.

¶5. Although the charges against Binning were dismissed in Mississippi and Illinois, the State of Arizona and WMS continue to pursue civil forfeiture in Arizona. Binning faces forfeiture of the seized cash under Arizona Revised Statutes § 13-2301(D)(4), which provides in relevant part,

> 4. "Racketeering" means any act, including any preparatory or completed offense, that is chargeable or indictable under the laws of the state or country in which the act occurred and, if the act occurred in a state or country other than this state, that would be chargeable or indictable under the laws of this state if the act had occurred in this state, and that would be punishable by imprisonment for more than one year under the laws of this state and, if the act occurred in a state or country other than this state, under the laws of the state or country in which the act occurred, regardless of whether the act is charged or indicted, and the act involves either:
> . . . .
>
> (b) Any of the following acts if committed for financial gain:
> . . . .
>
>     (v) Theft . . . .

Ariz. Rev. Stat. Ann. § 13-2301.

¶6. Binning filed an ex parte motion for extraordinary writ in the Circuit Court of Tunica County based on the Full Faith and Credit Clause of the United States Constitution. Binning asked the circuit court to issue an extraordinary writ "explaining to the Superior Court of Arizona, Coconino County, that the Mississippi Gaming Act provides the sole jurisdiction and remedies in this matter." Binning asked the court to direct the Arizona court to dismiss

the pending civil-forfeiture proceeding against Binning's money because any controversy about the rightful owner of that money had been fully adjudicated as a matter of res judicata when all criminal charges against Binning were dismissed with prejudice.

¶7. The circuit court denied Binning's motion for extraordinary writ. The circuit judge found that, although he agreed with the substance of Binning's arguments, Binning had failed to cite sufficient authority to convince the court that it had the authority to issue a writ that would be binding on an Arizona court. Binning now appeals and seeks an extraordinary writ of prohibition clarifying to the State of Arizona or to any other third party that any further collateral attacks upon his dismissed criminal charges under Mississippi law are erroneous and should be barred as res judicata.

**ANALYSIS**

¶8. Binning contends that by continuing to pursue civil forfeiture after the charges against him have been dismissed in Mississippi, the State of Arizona is violating the Full Faith and Credit Clause of the United State Constitution. The Full Faith and Credit Clause provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1.

¶9. Pursuant to the Mississippi Gaming Control Act (Act), the Mississippi Gaming Commission has exclusive jurisdiction over disputes between patrons and casinos arising from gambling debts. *Ameristar Casino Vicksburg, Inc. v. Duckworth*, 990 So. 2d 758, 760 (Miss. 2008); Miss. Code Ann. § 75-76-5(k) (Rev. 2009). The circuit court found as a matter of Mississippi law that Binning did nothing unlawful in his having played Keno machines

4

and dismissed all charges against him with prejudice. Binning argues that he played licensed and regulated gambling games in licensed and regulated casinos subject to the exclusive jurisdiction and remedies of the Gaming Commission and won money lawfully. Thus, because the action pending in Arizona for civil forfeiture is based on "theft," Binning argues that whether he committed theft according to Mississippi law was determined when the trial court dismissed all charges against him with prejudice. Binning contends that the question of theft should be considered settled as res judicata. *See Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005) ("Under the principle known as "bar," res judicata precludes claims which were actually litigated in a previous action.").

¶10. Although Binning argues that the issue of theft is barred as res judicata, this Court finds that the relief Binning requests is unavailable. Binning argues that this Court has authority pursuant to Mississippi Code Section 9-1-19 to issue a remedial writ directing the Arizona court to dismiss the pending forfeiture action. Section 9-1-19 provides,

> The judges of the Supreme and circuit courts and chancellors and judges of the Court of Appeals, in termtime and in vacation, may severally order the issuance of writs of habeas corpus, mandamus, certiorari, supersedeas and attachments, and grant injunctions and all other remedial writs, in all cases where the same may properly be granted according to right and justice, returnable to any court, whether the suit or proceedings be pending in the district of the judge or chancellor granting the same or not. The fiat of such judge or chancellor shall authorize the issuance of the process for a writ returnable to the proper court or before the proper officer; and all such process or writs may be granted, issued and executed on Sunday.

Miss. Code Ann. § 9-1-19 (Rev. 2014). Binning contends that, because the statute states that the Supreme Court may order the issuance of writs "returnable to any court," this Court has the authority to issue the requested writ to Arizona courts if justice requires doing so.

5

However, an extraordinary writ of prohibition is not proper in this case.

¶11.   "The writ of prohibition is of ancient origin, and as the name imports, is one which prohibits a judge or court from taking some action the judge or court is about to do in a legal action." *State v. Maples*, 402 So. 2d 350 (Miss. 1981). This Court consistently has held that writs of prohibition are only to be issued "by a superior court to an inferior court." *Id.* at 352; *see also* 72A C.J.S. *Prohibition* § 1 (2018) ("Prohibition, or a 'writ of prohibition,' is a process by which a superior court prevents inferior courts, tribunals, officers, or persons from usurping or exercising a jurisdiction which they have not been vested by law."); *Crittenden v. Town of Booneville*, 92 Miss. 277, 45 So. 723, 726 (1908) ("The object of the writ is to restrain an inferior court from acting without authority of law in cases where wrong, damage, and injustice will follow such action.").

¶12.   Binning provides no authority that a Mississippi trial court or this Court is superior to any Arizona court. Binning cites *Fauntleroy v. Lum*, 210 U.S. 230, 28 S. Ct. 641, 52 L. Ed. 2d 1039 (1908), to support his argument. There, the plaintiff entered into an illegal contract with the defendant in violation of both civil and criminal statutes of Mississippi. *Id.* at 233-34. When the defendant refused to pay, the plaintiff initiated an arbitration proceeding in Mississippi and won. *Id.* at 234. Because the defendant temporarily was located in Missouri, the plaintiff brought suit in Missouri to enforce the judgment. *Id.* The Missouri court refused to allow the defendant to show the nature of the transaction and to argue that the transaction was illegal in Mississippi. *Id.* The Missouri court then entered a directed verdict in favor of the plaintiff. *Id.* The plaintiff then brought suit in Warren County upon

the Missouri judgment, and the defendant appealed the decision to the Mississippi Supreme Court. *Id.* The Mississippi Supreme Court found in the defendant's favor. *Id.* Aggrieved, the plaintiff appealed the case to the United States Supreme Court, which held that when the jurisdiction of the Missouri court is not open to dispute, the Mississippi Supreme Court was obligated to enforce the Missouri judgment, even if the Missouri judgment was based on a misapprehension of Mississippi law. *Id.* at 237.

¶13. In *Fauntleroy*, however, a writ of prohibition was not at issue and provides no authority that a court in Mississippi may issue a writ of prohibition to a court outside of the state. Because Binning failed to provide authority that a court in Mississippi is superior to a court in Arizona or that a court in Mississippi may issue a writ of prohibition to a foreign court, we affirm the judgment of the trial court.

¶14. The State additionally argues that the trial court lacked jurisdiction to rule on Binning's motion because Binning had not filed the motion properly. According to the State, the motion was not listed on the circuit clerk's docket and was not included in the appellate record. However, because Binning's appeal is without merit, determination of this issue is unnecessary.

## CONCLUSION

¶15. Because Binning failed to provide sufficient authority supporting his claim that a court in the state of Mississippi has authority to issue a writ of prohibition to a foreign court, we

7

affirm the decision of the trial court.

¶16.   **AFFIRMED.**

**RANDOLPH AND KITCHENS, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.   WALLER, C.J., NOT PARTICIPATING.**