# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-01269-SCT

*IN RE: IN THE MATTER OF THE*
*APPOINTMENT AND SETTING SALARY FOR*
*COUNTY COURT ADMINISTRATOR AND*
*DEPUTY COURT ADMINISTRATOR: HINDS*
*COUNTY, MISSISSIPPI*

*v.*

*HON. WILLIAM SKINNER AND LARITA*
*COOPER STOKES*


| | |
|---|---|
| DATE OF JUDGMENT: | 08/21/2017 |
| TRIAL JUDGE: | HON. WILLIAM LOUIS SKINNER, II |
| COURT FROM WHICH APPEALED: | HINDS COUNTY COUNTY COURT |
| ATTORNEYS FOR APPELLANT: | PIETER JOHN TEEUWISSEN |
| | ANTHONY RENARD SIMON |
| ATTORNEY FOR APPELLEES: | SORIE S. TARAWALLY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | DISMISSED AND REMANDED - 06/13/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     Hinds County appeals from an administrative order signed by two Hinds County Court

judges that appointed and set the salaries of the county court administrator and the deputy

county court administrator. The county judges sought to set the salaries of their

administrators at an amount greater than the budgeted amount set by the Hinds County Board

of Supervisors. In this direct appeal, Hinds County asks that the order be vacated. We find

that this appeal is not properly before the Court. Therefore, the appeal is dismissed, and the

matter is remanded to the Circuit Court of the First Judicial District of Hinds County for consideration.

## FACTS AND PROCEEDINGS BELOW

¶2. On August 21, 2017, County Judges William Skinner and Larita Cooper-Stokes entered an administrative order entitled "Order for Appointment and Setting Salary for County Court Administrator and Deputy Court Administrator." The order reappointed the county court administrator and the deputy county court administrator and set their annual salaries at $59,600 and $56,600, respectively. The order stated that it was "in conformity with the memorandum of the Mississippi Supreme Court, Administrative Office of Courts [(AOC)], dated January 1, 2017, relating to new AOC job descriptions and salary ranges effective January 1, 2017."

¶3. The AOC memorandum discussed the guidelines used by the AOC to hire chancery and circuit court support staff. The memorandum states that the "salary range" of court administrators is "not to exceed $59,600.00" and of deputy court administrators is "not to exceed $56,500.00." The board's minutes from the meeting of July 6, 2015, indicate that the board resolved "to approve adoption of the [AOC] Guidelines, Job Descriptions and Salary Schedules for Personnel working in County Court."

¶4. Hinds County[1] responded to the order and filed a notice of appeal with the Hinds County Circuit Clerk. The designation of the record was filed, and the required costs were paid. The notice of appeal was filed in this Court.

---

[1] Hinds County includes the political subdivision, the board of supervisors, and the county administrator.

## STANDARD OF REVIEW

¶5.     This Court applies a de novo standard of review to all questions of law. ***McClain v.***

***Clark***, 992 So. 2d 636, 637 (Miss. 2008).

## DISCUSSION

¶6.     Hinds County has raised the following issues:

> I.     Whether this Court can reach the merits of the appeal by accepting it as a petition for extraordinary writ.
>
> II.    Whether the county judges deprived the board of supervisors of their constitutional powers and discretion by entering an order setting the salaries of county employees in excess of what the board previously budgeted.
>
> III.   Whether the county judges violated the separation-of-powers doctrine by entering an order setting the salaries of county employees in excess of what the board previously budgeted.

¶7.     The county judges argue that this appeal is not properly before this Court because Hinds County has not exhausted remedies available to it in the circuit court. In response, Hinds County contends that the lack of a record and the invalidity of the order supply reason enough for this Court to accept the appeal.  As alternative relief, Hinds County asks this Court to consider the appeal as a petition for a writ of prohibition.

¶8.      This Court invited the attorney general to file a brief to advise the Court of the position of the state of Mississippi. The attorney general advised that this Court has the discretion to issue a writ of prohibition in this matter and that doing so would be prudent in the interest of finality and certainty concerning a serious issue.

3

¶9.     We find that this appeal is not properly before the Court. This action seeks to appeal an administrative order executed by the county judges. An appeal from the "law side" of the county court should be made to the circuit court; and appeals from the "equity side" of a county court should be made to the chancery court. Miss. Code. Ann. § 11-51-79 (Rev. 2012), *invalidated on other grounds by* **Brown v. Collections, Inc.**, 188 So. 3d 1171 (Miss. 2016). An appeal from county court is perfected when the appellant files a written notice of appeal with the circuit court clerk, along with payment of costs. UCRCCC 5.04.

¶10.    Here, Hinds County perfected the appeal in the circuit court, but it chose to pursue the appeal in this Court. Nothing in the record suggests that the circuit court disclaimed jurisdiction over this matter or was asked to decide this case.

¶11.    In 2015, Hinds County filed a petition that asked this Court to consider a similar action by Hinds County Judges Houston Patton and Melvin Priester. Notice of Appeal, **In Re: Order for Appointment and Setting Salary for Cty. Court Adm'r and Deputy Court Adm'r, Hinds Cty., Miss.**, No. 2015-TS-00056 (Miss. Jan. 12, 2015). A panel of this Court, consisting of then-Presiding Justice Randolph and then-Associate Justices Kitchens and King determined that the appeal was improperly filed and remanded the matter to the Circuit Court of the First Judicial District of Hinds County with directions that the circuit court "shall accept the appeal." Order, **In Re: Order for Appointment and Setting Salary for Cty. Court Adm'r and Deputy Court Adm'r, Hinds Cty., Miss.**, No. 2015-TS-00056 (Miss. Apr. 2, 2015). On remand, the record does not reflect whether Hinds County prosecuted that appeal

in the circuit court. However, the docket of Hinds County Court administrative orders indicates that the county judges' order was later rescinded.

¶12. The issues in this appeal are identical to those raised in the 2015 appeal. The only difference is that, in the 2015 appeal, Hinds County filed its notice of appeal directly with this Court; here, Hinds County filed the notice of appeal with the circuit clerk.

¶13. Despite the request by Hinds County and the attorney general that this Court assume jurisdiction and issue an extraordinary writ against the county judges, this Court declines to do so. A writ may "prohibit[] a judge or court from taking some action the judge or court is about to do in a legal action." *State v. Maples*, 402 So. 2d 350, 351 (Miss. 1981). The writ of prohibition can prevent courts from exercising jurisdiction with which they were not vested or may be extended "to situations where, although an inferior court has jurisdiction, the superior court considers it necessary to issue the writ to prevent some irremedial injustice." *State ex rel. Pittman v. Griffin*, 450 So. 2d 426, 429 (Miss. 1984).

¶14. This Court has held that "the true function of a writ of prohibition . . . [is that] the writ may issue as an aid to the appellate process by superior courts to inferior courts to prevent action by an inferior court or judge which cannot be remedied on appeal." *Maples*, 402 So. 2d at 352 (alteration in original). "[A] writ of prohibition, or any other similar writ, is in the nature of the appellate process." *Id.* (quoting *Cohens v. Virginia*, 19 U.S. 264, 397, 5 L. Ed. 257 (1821)). In *Maples*, the Court found it necessary to prohibit a judge from presiding over certain criminal cases from which he had been asked to recuse in order to prevent the

5

irremedial harm of an adverse ruling that the state of Mississippi would not be able to appeal and that would prevent orderly judicial resolution. *Maples*, 402 So. 2d at 353.

¶15.    In *Griffin*, this Court prohibited a judge from holding an attorney general in contempt for ignoring a court order in order to prevent the irremedial harm of incorrectly interpreting a rule and preventing prosecution. *Griffin*, 450 So. 2d at 430. In *Crittenden v. Town of Booneville*, 92 Miss. 277, 45 So. 723, 727-28 (1908), this Court decided that restraining an illegal ordinance was a necessary action to prevent the irremedial harm of oppressive infringement of property rights, because an appeal would not be an adequate remedy.

¶16.    Mississippi Rule of Appellate Procedure 21 governs the application and issuance of writs of mandamus and prohibition directed to judges and courts. Rule 21(a) provides that this Court "shall issue all writs and process necessary for the exercise and enforcement of its appellate jurisdiction . . . ." Miss. R. App. P. 21(a). The notice of appeal and other documents filed by Hinds County do not follow the technical requirements specified in Rule 21(c) as to the form of applying for a writ prohibition. Miss. R. App. P. 21(c). However, Rule 2(c) provides that this Court, "may suspend the requirements . . . in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction" if doing so will expedite a decision "or for other good cause shown." Miss. R. App. P. 2(c). The decisions in *Maples*, *Griffin*, and *Crittenden* show that this Court has broad discretion to determine when and under what circumstances it will issue an extraordinary writ.

6

¶17. We do not have enough information to determine whether the case presents a convincing argument that an irremedial injustice will occur if the county court judges are not prohibited from setting the salaries of the court administrators. Accordingly, we decline to suspend the requirements of Rule 21. Hinds County has an avenue to pursue justice through an appeal to circuit court. It is correct that Hinds County has not exhausted the remedies available to it in the courts below.

¶18. Under Mississippi Code Section 11-51-79 (Rev. 2012), we find that this appeal was improperly filed in this Court. We dismiss this appeal and remand this case to the Circuit Court of the First Judicial District of Hinds County. All costs of this appeal are assessed to Hinds County, Mississippi.

¶19. **DISMISSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN AND ISHEE, JJ., CONCUR. BEAM, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION.**

**BEAM, JUSTICE, SPECIALLY CONCURRING:**

¶20. While I agree with the majority opinion that this matter is not properly before the Court, the fact that this matter is not properly before us is frustrating for a number of reasons. First, this same issue was before the Court in 2015. After the Court remanded the case to the Hinds County Circuit Court, no further action was taken. Second, because this Court is not in a position to resolve the plethora of issues, such as the backlog of cases and administrative problems that plague the Hinds County Court and the Hinds County Circuit Court, this Court has to rely on Hinds County to fix the issues. Until the issues have been corrected, justice

7

will be delayed further.  While I wish this Court could swoop in and save the day, this Court must stay within its authority in order to maintain the integrity of the judicial process and to give both litigants and citizens the confidence and respect the Court and its decisions owe to them.