344 So.2d 724 (1977)
George B. COWAN and Frieda S. Cowan
v.
GULF CITY FISHERIES, INC.
No. 49177.
Supreme Court of Mississippi.
March 2, 1977.
Rehearing Denied April 27, 1977.
Karl Wiesenburg, Robert H. Oswald, Pascagoula, for appellant.
Frank J. Hammond, Jr., Moss Point, C.W. Ford, Pascagoula, for appellee.
Before GILLESPIE, C.J., SMITH and WALKER, JJ., and MORGAN, Commissioner.
CLARENCE E. MORGAN, Commissioner for the Court:[1]
Gulf City Fisheries, Inc., appellee, petitioned the Circuit Court of Jackson County for a writ of mandamus requiring the City Clerk of the City of Pascagoula to change a zoning map. George B. and Frieda S. Cowan, appellants, sought to intervene in the proceedings and their motion to do so was overruled. The circuit court entered judgment directing the writ of mandamus to issue requiring the City Clerk to change the zoning classification of appellee's property from residential to industrial on the official zoning map of the City of Pascagoula. The properties of appellants and appellee are adjacent.
On July 28, 1975, appellants gave notice of their intention to prosecute the appeal as authorized by Section 11-51-107 of the Mississippi Code of 1972. The appellants have appealed to this Court as taxpayers under the provisions of Section 11-51-105 of the Mississippi Code of 1972, citing the following assignments of error:
1. The circuit court erred in granting the writ of mandamus, the appellee having adequate remedies at law, the city *725 clerk having correctly performed her duties, and mandamus not being available to adjudicate the zoning classification of appellee's property or to compel its rezoning.
2. The circuit court erred in granting the writ of mandamus, the circuit court's appellate judgment of December 11, 1972 being res judicata as to the zoning of appellee's property.
3. The circuit court erred in denying the appellants leave to defend the mandamus action in violation of their statutory and constitutional right to be heard on the rezoning of appellee's property.
We first address ourselves to the right of appellants to intervene in this cause. Section 11-51-105 of the Mississippi Code of 1972 provides that in all suits brought against any officer of a municipality in their official capacity, any taxpayer or taxpayers of the municipality shall have the right to defend all such suits and may prosecute an appeal to the circuit court of this state, if the officer subject to the suit does not prosecute an appeal within thirty (30) days from the date the same is rendered. We have heretofore held in Garraway v. State, 184 Miss. 466, 184 So. 628 (1938) and related cases, that this statute is not limited to tax related suits and that it is applicable to any suit brought against county or municipal officials. The appellants had the right to intervene in this action in the lower court and the right to appeal to this Court from an adverse ruling in the lower court under the provisions of this section of the Code, and this case is properly before this Court.
We next consider the first assignment of error which is that the circuit court erred in granting the writ of mandamus. The writ of mandamus is an extraordinary writ, available only where there is not a plain, adequate and speedy legal or administrative remedy. In a mayor and city council form of municipal government in this state, the clerk is the creature of the council, serving at their will, under their direction. This Court held in Delta Construction Company of Jackson v. City of Pascagoula, 278 So.2d 436 (Miss. 1973) that the mayor and city council have the final say within the municipal structure as to zoning matters. There is nothing in this record to indicate that appellee ever petitioned the mayor and city council of Pascagoula for the relief which they sought of the city clerk. Appellee did not exhaust its administrative remedy from which a regular course of appeal is allowed by law. Appellee should first have petitioned the city council for relief and if denied relief there, it should have utilized the statutory method of perfecting appeals from a decision of a municipal body. The Court is of the opinion that the issuance of the writ of mandamus to the City Clerk of Pascagoula was reversible error.
This Court, being of the opinion that the writ of mandamus should not have been issued in this case, finds that it is not necessary to consider the other assignments of error.
The judgment of the circuit court is reversed and the writ of mandamus is vacated.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.