390 So.2d 1010 (1980)
Sidney D. WOODS
v.
Hollis R. LEE.
No. 51996.
Supreme Court of Mississippi.
December 3, 1980.
*1011 Walter W. Teel, Sekul, Hornsby, Wallace & Teel, Biloxi, for appellant.
Nicholas M. Haas, Bay St. Louis, for appellee.
En Banc.

ON MOTION TO DISMISS APPEAL
SUGG, Justice, for the Court:
Sidney D. Woods, appellant, filed suit in the Circuit Court of Hancock County seeking damages for the wrongful death of his minor son. The cause was tried in vacation by agreement of the parties whereupon the jury returned a verdict for the defendant. The jury verdict was filed December 7, 1977, and the following day the court granted appellant an additional ten days in which to file post trial motions. On December 9, 1977, appellant filed a motion for judgment notwithstanding the verdict or in the alternative a motion for a new trial. The motion was taken under advisement by the trial judge who neither ruled on nor entered an order on the motion. Neither has a final judgment been rendered.
After the trial court kept the motion under advisement for more than a year, appellant appealed by prepaying the costs on November 19, 1979. After the record was filed in this Court, appellee filed a motion to dismiss the appeal contending the appeal should have been perfected within six months and forty-five days after the trial judge took the motion under advisement. Appellee relies on sections 11-51-5 Mississippi Code Annotated (Supp. 1979) and 11-1-17 Mississippi Code Annotated (1972) in support of his position. Appellee argues appellant could appeal only within the forty-five days immediately following the expiration of six months from the time the trial judge took the motion under advisement. Appellant counters with the argument that he was entitled to take an appeal under section 11-1-17 Mississippi Code Annotated (1972) at any time after the expiration of six months following the trial judge's failure to rule on the motion, and was not required to appeal within the forty-five days immediately following the six months the trial judge had the motion under advisement.
Sections 11-1-17 and 11-51-5 provide:
Section 11-1-17:
All chancellors or judges of the chancery and circuit courts of the state of Mississippi shall render their final decree on any and all matters taken under advisement by such chancellors or judges not later than six (6) months after the date when same are taken under advisement or not later than six (6) months after the date on which the chancellors or courts or judges set as a date for the final brief or memoranda of authority is required to be filed on or as to the cause taken under advisement, whichever is the latest date after the date on which the cause or case is taken under advisement.
In the event a final decree has not been entered within the six months period hereinbefore referred to, then any party to said law suit shall have the right to appeal on the record as otherwise provided the same as if a decree has been rendered adversely. Said appeal shall be to the supreme court of the state of Mississippi and shall be treated as a preferred case over other cases except election contests.
Section 11-51-5:
Appeals to the Supreme Court shall be taken within forty-five (45) days next after the rendition of the judgment or decree complained of, and not after, saving to persons under a disability of infancy or unsoundness of mind the like period after the disability shall have been removed. However, in cases where the appellant infant or person of unsound mind was a plaintiff or complainant, and in cases where such a person was a party defendant and there had been appointed for him or her a guardian ad litem, appeals to the Supreme Court shall be taken within two (2) years after the rendition of such judgment or decree, and not after.

*1012 This section shall only apply to all judgments or decrees rendered and filed for record after December 31, 1972.
Section 11-1-17 applies only to final judgments and does not apply to interlocutory orders. An order sustaining or overruling a motion for judgment notwithstanding the verdict or a motion for a new trial in the circuit court is an interlocutory order.
Section 11-7-213 Mississippi Code Annotated (1972) authorizes an appeal from an order granting a new trial when the sole ground for the new trial is the excessiveness or inadequacy of the damages assessed. In Bowman v. Rutledge, 369 So.2d 768 (Miss. 1979) we held that an appeal from an order granting a new trial on all of the issues in an automobile accident case was an interlocutory order, and this Court had no jurisdiction to entertain an appeal therefrom.
In Farned v. Aetna Casualty and Surety Co., 263 So.2d 790 (Miss. 1972) we held that, while an interlocutory appeal from an order or decree of the chancery court is authorized under section 11-51-7 Mississippi Code Annotated (1972) if the restrictive conditions of the statute are met, no appeal lies from a judgment of the circuit court except on an order for a new trial where the basis is the excessiveness or inadequacy of damages. In the case before the Court, the question of excessiveness or inadequacy of damages is not one of the grounds of plaintiff's motion and could not be because the jury verdict was for the defendant. If the trial judge had sustained the motion for a judgment notwithstanding the verdict or for a new trial, the order sustaining the motion would have been an interlocutory order and would not have been appealable under the statute and our decisions. Appellant has attempted to appeal under the provisions of section 11-1-17 which permits a party to treat the failure of a judge to rule on a matter within six months as an adverse ruling. If an order had been entered on the motion, it would have been an interlocutory order, so the appellant is attempting to do indirectly what he could not do directly; namely, appeal from an interlocutory order. Appellant's remedy was by writ of mandamus to compel the trial judge to rule on the motion rather than by appeal. We therefore dismiss the appeal and remand the case for further proceedings.
If the trial judge does not rule on the motion after remand, appellant should apply for a writ of mandamus. When the motion is presented to the trial judge following remand he may either sustain or overrule the motion. If the motion is sustained a new trial will be granted, if it is overruled, a final judgment should be entered based on the jury verdict. In either event, after a final judgment is entered in the case then any aggrieved party may perfect an appeal from such final judgment.
MOTION SUSTAINED.
All Justices concur.