691 So.2d 424 (1997)
In re CORR-WILLIAMS TOBACCO COMPANY, Laurel Cigar & Tobacco Company, Long Wholesale, Incorporated, Wigley & Culp, Inc. of Gulfport, Mississippi, The Lewis Bear Company, Generic Products Corporation, The American Tobacco Company, R.J. Reynolds Tobacco Company, Brown and Williamson Tobacco Corporation, Philip Morris Incorporated, Liggett Group, Inc., Lorillard Tobacco Company, The Council for Tobacco Research, Hill & Knowlton, Inc., and The Tobacco Institute, Inc.
No. 96-M-00115-SCT.
Supreme Court of Mississippi.
March 13, 1997.
Michael B. Wallace, Phelps Dunbar, Jackson, for Petitioner.
Michael C. Moore, Attorney General, Jackson; William Allain, Jackson; Richard F. Scruggs, Charles J. Mikhail, Scruggs Millette Lawson Bozeman & Dent, Pascagoula, for Respondent.
En Banc.
SMITH, Justice, for the Court:
Petitioners, defendants in a law suit pending in the Jackson County Chancery Court, request that this Court, pursuant to M.R.A.P. 21, grant extraordinary relief by reversing certain interlocutory decisions of the chancery court. After thorough consideration of the pleadings and the arguments of both parties, we find that there is no sufficient legal reason that this Court intervene and accept jurisdiction of this case at this time. Accordingly, we dismiss the petition and the supplemental petition.

STATEMENT OF FACTS
On February 20, 1996, Corr-Williams Tobacco Company and numerous other companies and entities ("Petitioners"), defendants in Cause No. 94-1429 in the Chancery Court of Jackson County, filed the instant Petition for Writ of Prohibition and/or Mandamus with this Court.
A brief history of the events in the Chancery Court of Jackson County is helpful. On October 4, 1994, Petitioners filed a Motion for Judgment on the Pleadings, challenging the sufficiency of claims made by the Respondent in the complaint. On February 21, 1995, the chancellor denied this motion by order.
On June 12, 1995, Petitioners filed a motion for partial summary judgment wherein they argued that the Attorney General ("Respondent") did not have the authority to sue for the recovery of Medicaid expenditures without the approval, and over the express disapproval, of the Governor or the Division of Medicaid. A hearing was held in chancery court on June 27, 1995. Chancellor Myers took the matter under advisement and entered an order on August 25, 1995, denying the motion without explanation.
On June 10, 1996, Petitioners filed their Supplemental Petition for Writ of Prohibition and/or Mandamus with this Court, discussing certain findings of fact and conclusions of law made by Chancellor Myers in Cause No. 94-1429, filed March 6, 1996, which provided the reasoning behind his August 25, 1995 order denying the motion for partial summary judgment. Petitioners do not seek additional relief in their supplemental petition.
Aggrieved by the decisions of Chancellor Myers, the Petitioners now seek a Writ of Prohibition and/or Mandamus ordering Chancellor Myers to dismiss those portions of Cause No. 94-1429 that seek recovery of Medicaid funds.

DISCUSSION OF LAW

WHETHER THE ATTORNEY GENERAL POSSESSES THE AUTHORITY TO SUE FOR THE RECOVERY OF MEDICAID FUNDS INDEPENDENT OF THE MEDICAID LAWS AND WITHOUT *426 THE APPROVAL OF THE GOVERNOR AND THE MISSISSIPPI DIVISION OF MEDICAID WHEN THE LEGISLATURE HAS EXPLICITLY DETERMINED THAT THE GOVERNOR HAS EXCLUSIVE AUTHORITY OVER SUCH SUITS.
The Petitioners argue that this Court should take jurisdiction of this matter and decide the issue presented for several reasons. Specifically, the Petitioners argue that: (1) other adequate means of relief are unavailable; (2) deciding this question now would promote judicial efficiency and economy; (3) immediate review would be in the public interest; and (4) Petitioners have a clear right to the relief sought. We now address each of the arguments made by the Petitioners.
Petitioners argue that this Court should correct "clear errors of law" by the chancery court at this point in the proceedings. In support of their position, Petitioners rely on this Court's opinion in In re McMillin, 642 So.2d 1336 (Miss. 1994). McMillin involved statewide elections which were enjoined two weeks before the election date, and conflicting decisions from different chancellors on whether the elections could proceed. In McMillin, this Court addressed the matter and granted the Petition therefore dissolving the preliminary injunction issued by the chancery court. However, we did so due to the "conflicting orders from co-equal courts and the overriding public importance of the issue." Id. at 1338. Moreover, in McMillin, this Court found that the chancery court lacked jurisdiction to issue the preliminary injunction because "chancery courts in this state do not have the jurisdiction to enjoin elections or to otherwise interfere with political and electoral matters which are not within the traditional reach of equity jurisdiction." Id. at 1339.
Unlike McMillin, the case sub judice involves one lawsuit which has been proceeding in one court since May 1994. Moreover, there has been no showing that the chancery court lacked jurisdiction or made clear errors of law. The exigent circumstances presented to this Court in McMillin are simply not present in the case sub judice.
Petitioners also argue that the instant situation cannot be remedied on appeal if this Court does not grant the requested relief. Petitioners rely on State v. Maples, 402 So.2d 350, 352 (Miss. 1981), where this Court held that "a writ [of prohibition] may issue as an aid to the appellate process by superior courts to inferior courts to prevent action by an inferior court or judge which cannot be remedied on appeal." In Maples, this Court held that a circuit judge's refusal to recuse himself in a criminal case upon motion of the State presented a unique situation where the State would be without an adequate remedy on appeal. Specifically, we held "if the trial judge has erroneously refused to vacate the bench and there is a verdict of acquittal or a directed verdict, the defendant in the criminal case may not be tried again because of the double jeopardy provisions of the Constitutions of the United States and the State of Mississippi." Id. at 353.
In the case sub judice, we are not faced with a situation involving either constitutional issues or the lack of an adequate remedy either through the trial or appellate process. Petitioners have failed to demonstrate the inability to have any error, assuming error does occur, corrected on appeal. Therefore, Petitioners' argument that an adequate remedy on appeal is unavailable is simply without merit.
Petitioner next alleges that this Court should intervene in the instant matter in order to simplify, shorten or eliminate proceedings in the chancery court. Petitioners rely on State v. Caldwell, 492 So.2d 575, 577 (Miss. 1986), where this Court granted a change of venue in a capital case in order "to promote judicial efficiency and economy." Again, in Caldwell, we were faced with particular facts and circumstances which involved constitutional issues. Specifically, Caldwell involved the "right of a defendant to a public trial by an impartial jury of the county where the offense was committed." Id. at 577. Moreover, we limited our holding in Caldwell to "the particular facts of that case which required that Caldwell be allowed to reassert his constitutional right." Id.
*427 The Petitioners simply have not presented circumstances equivalent to those presented either in Maples or Caldwell which would warrant our intervention at this time. As a result, we find that judicial efficiency and economy will be best achieved by an orderly procession of this matter through the chancery court and the appellate process, if necessary. Petitioners also argue that the interest of the public requires this Court to immediately decide the issue presented due to the conflict between state officials. While we acknowledge the obvious conflict between two state officials, this Court finds that the public interest would be better served by the procession of this case to its conclusion in the appropriate forum. At this time, the appropriate forum to handle the presentation of witnesses and make findings of fact, if necessary, would be the Chancery Court of Jackson County.
Petitioners conclude that they are entitled to mandamus because they have shown "[a] clear right ... to the relief sought." Petitioners rely on Bd. of Supervisors v. Mississippi State Highway Comm'n, 207 Miss. 839, 847, 42 So.2d 802, 805 (1949). However, the writ in that case was not sought in this Court. Moreover, this Court clearly held that "[t]he writ of mandamus is a discretionary writ and even in a case where an absolute legal right is shown, the writ will be withheld whenever the public interest would be adversely affected."
Because the Petitioners have an adequate remedy through the trial process in the chancery court, we decline to intervene and accept jurisdiction at this time. We also take this opportunity to state that the Petitioners' attempt to attack interlocutory decisions made many months ago weighs heavily against them. The definitive issue of who has the authority and the right to file such a suit, the Governor or the Attorney General, is an issue which may adequately be decided by this Court on appeal on the merits. Therefore, it is ordered that the Petition for Writ of Prohibition and/or Mandamus and Supplemental Petition for Writ of Prohibition and/or Mandamus filed by Petitioners be dismissed.
PETITION FOR AN EXTRAORDINARY WRIT OF PROHIBITION DISMISSED.
PRATHER and SULLIVAN, P.JJ., and PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
DAN LEE, C.J., dissents with separate written opinion.
McRAE and MILLS, JJ., not participating.
DAN LEE, Chief Justice, dissenting:
Petitioners, defendants in a lawsuit pending in the Jackson County Chancery Court, request that this Court, under M.R.A.P. 21, issue a writ of mandamus and/or prohibition concerning the dismissal of petitioner's motion for partial summary judgment by the Chancellor. After thorough consideration of the pleadings and arguments of both parties, and believing that the issues of this case are of such significant weight and importance, this Court should grant relief by way of review of the denial of the partial summary judgment by the trial court. Accordingly, I respectfully dissent, and would grant to the petitioners extraordinary relief.
The definitive issue in the instant case is not whether the instant tobacco suit should have been filed, but who has the authority and right to file such a suit. I fully agree that the current action should have been filed, but strongly believe that the Attorney General did not have the authority or power to file such an action without authorization from the Office of the Governor, the only agency given that authority by the State legislature. Using the analogy of the attorney-client relationship, the Governor and the Medicaid Division occupy the position of the client and the Attorney General occupies the position of the attorney. Clearly, under our law, the client is the party responsible for the decision of whether or not to bring a lawsuit. The client authorizes an attorney to file a lawsuit on his/her behalf. The situation placed before us is that of an attorney blatantly filing lawsuits without having a client, or at the very least, client authorization. At the core of this tobacco litigation is the question of who should bring this lawsuit.
*428 Against this background, the petitioners have come to this Court requesting extraordinary relief in the face of a prohibited and improper lawsuit. This Court has discretion concerning the granting of such extraordinary relief. In re McMillin, 642 So.2d 1336, 1338 (Miss. 1994). This Court has recognized that extraordinary relief is appropriate to "prevent action by an inferior court or judge which cannot be remedied by appeal." State v. Maples, 402 So.2d 350, 352 (Miss. 1981). In re McMillin concerned statewide elections which were enjoined two weeks before the date of the election, and involved conflicting decisions from different chancellors on whether the elections could proceed. In re McMillin, 642 So.2d at 1337-38. The majority contends that In re McMillin is not persuasive in the instant case because the exigent circumstances presented to this Court in In re McMillin are not present here. In re McMillin is indeed persuasive because the instant case presents six issues which, taken together, establish exceptional, extraordinary, and exigent circumstances such as to satisfy In re McMillin.
First, the instant case presents a clear violation of the doctrine of separation of powers. Article 6, Section 173, of the Mississippi Constitution created the office of the Attorney General. Case law and statute provide that Section 173 vests the Attorney General with the powers of the office possessed by the office at common law. Capitol Stages, Inc. v. State ex rel. Hewitt, 157 Miss. 576, 588-94, 128 So. 759, 762-64 (1930); Kennington-Saenger Theatres, Inc. v. State ex rel. District Attorney, 196 Miss. 841, 865-66, 18 So.2d 483, 486 (1944); Miss. Code Ann. § 7-5-1 (1991). The Attorney General has the power to bring, control and manage litigation on behalf of the State when the subject matter is determined to be of statewide interest and significance. Id. This Court, however, has held that the Attorney General's power is not absolute: "all public officers, including the Attorney General, are subordinate to the laws of this State." Frazier v. State, 504 So.2d 675, 690 (Miss. 1987). See also State ex rel. Patterson v. Warren, 254 Miss. 293, 308-09, 180 So.2d 293, 300 (1965) (The attorney general clothed with all the common law powers of the office "except insofar as they have been expressly restricted or modified by statute or the state constitution... ."). In other words, where the legislature has restricted the Attorney General's powers by granting such powers to another entity, the Attorney General's authority is also so limited.
Congress, in enacting the Medicaid bill, required that the responsibility for a state's entire Medicaid program be vested in a single state agency. 42 U.S.C. § 1396(a)(5) (1988). In Mississippi, the legislature has enacted statutes which designate the Office of the Governor, in conjunction with the Medicaid Division, as that single state agency. Miss. Code Ann. §§ 43-13-101 et seq. (1993). The statutory scheme specifically vests the authority over the decision whether to file Medicaid reimbursement suits in the Medicaid division within the Office of the Governor. Miss. Code Ann. § 43-13-125(1) (1993). In other words, the Mississippi legislature has given the Office of the Governor the sole and exclusive authority of deciding whether to file lawsuits such as in the case sub judice.
The Attorney General, without authorization of the Office of the Governor and in direct contravention of the legislatively enacted Mississippi Medicaid statute, has filed the instant third-party reimbursement suit. By so doing, the Attorney General is taking for himself power and authority given by the legislature specifically and solely to the Governor. The Attorney General's commandeering of legislative authority and directives is a clear violation of the doctrine separation of powers and presents a clear constitutional question.
Second, extraordinary relief should be granted in this case because there is no other adequate means of relief for the petitioners. The Attorney General has violated the Medicaid statutes by filing this lawsuit and forcing the petitioners to defend themselves in unlawful litigation. The petitioners face great expense if required to defend themselves in a prohibited proceeding improperly brought by the Attorney General acting ultra vires (the expense to the State would also be immense). The only way to remedy the Attorney *429 General's breach of the Medicaid law is for this Court to grant extraordinary relief at this time.
Third, extraordinary relief is proper in this case because the petitioners have already suffered and stand to suffer irreparable harm as a result of the Attorney General's improper and unauthorized lawsuit. In June of 1996, the Liggett Group, Inc. (Liggett), an original petitioner in this cause, withdrew. Liggett, facing the choice between exorbitant defense expenses and settlement, chose settlement, thereby suffering irreparable harm, i.e., essentially being forced into settling this unlawful and improper lawsuit. All remaining petitioners are facing this unsavory and disconcerting choice. If enough petitioners choose settlement over and against huge and unwarranted costs in defending this unauthorized lawsuit, the remaining petitioners may find themselves forced to follow Liggett's course of action  settlement. This irreparable harm cannot be remedied on appeal.
Fourth, extraordinary relief should be granted in this case because resolving the scope of the Attorney General's authority in this massive and complicated case would promote judicial efficiency and economy. See State v. Caldwell, 492 So.2d 575, 577 (Miss. 1986). The grant of relief would certainly streamline, if not dispose of entirely, the instant case, reduce the amount of discovery, and, at the very least, shorten any possible trial. Judicial resources would be greatly conserved.
Fifth, immediate review of this case would clearly be in the public interest. Both the Governor and the Attorney General maintain their right to exclusive decision-making authority over whether to prosecute Medicaid reimbursement suits. The Governor and Attorney General are engaged in a protracted and public struggle over this issue which places the State in negative light, impacting the interest of each citizen of this State. An expeditious resolution of this issue is also necessary to maintain the public's waning confidence in government. As we stated in In re McMillin, "[i]n light of the conflicting orders and the overriding public importance of the issue, the Court addressed the matter and granted [relief]." In re McMillin, 642 So.2d 1336, 1338 (Miss. 1994) (emphasis added). No interest would be served by delaying deliberation of this issue until final judgment is entered in the court below.
Sixth, because the Attorney General plainly did not have the authority to bring this action for Medicaid reimbursement without the approval of the Governor and the Medicaid Division, this suit is unauthorized and improper; therefore, the petitioners have a clear right to the relief sought. Board of Supervisors v. Mississippi State Highway Comm'n, 207 Miss. 839, 847, 42 So.2d 802, 805 (1949). Extraordinary relief is proper in this case.
The above reasons, taken together, provide the extraordinary and exigent circumstances which, under In re McMillin, make extraordinary relief appropriate. Because the above issues are weighty and serious, I find that the Court should grant relief by way of review of the denial of the partial summary judgment by the trial court. Accordingly, I dissent.