# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00964-SCT

*IN RE: KEVIN M. CHISOLM*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/1/2000 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SORIE S. TARAWALLY |
| | S. MALCOLM O. HARRISON |
| ATTORNEY FOR APPELLEE: | KEVIN DALE CAMP |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED- 02/06/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.	Kevin M. Chisolm was tried and convicted in absentia in the Hinds County Justice Court on a charge of DUI, first offense, and assessed fines of $500.00 plus costs for a total of $828.50. The justice court did not impose any jail term. Aggrieved by the actions of the justice court, Chisolm filed an application for a temporary restraining order and a writ of mandamus with the Hinds County Circuit Court to prohibit the imposition of the sentence and to order a new trial in justice court. Chisolm's position is that there was not an adequate remedy at law to get him back to justice court except through a writ of mandamus because he was denied his day in justice court. He further argues that he should not be required to appeal and incur expense or costs unless he is found guilty at a trial on the merits. Chisolm also urges

that mandamus is justified because of delay since it would be almost a year before he could get a trial on appeal to the Hinds County Court. The circuit court granted the writ of mandamus.

¶2. Hinds County Justice Court Judge Clyde Chapman, appeals and raises the following issues. First, Chapman urges that the circuit court erred in issuing a writ of mandamus because the proper remedy is appeal to the county court as provided for by Rule 12.02 of the Uniform Rules of Circuit and County Court Practice and Miss. Code Ann. § 99-35-1 (2002). Chapman's second contention is that it was error to issue a writ of mandamus when there was an adequate remedy at law. Third, Chapman contends that the circuit court erred in disqualifying the Hinds County Attorney from defending the justice court proceedings and from opposing the application for the writ of mandamus. Fourth, Chapman states that it was error for the circuit court to apply M.R.A.P. 21 in the proceedings. Last, Chapman argues that trial judges are accorded great discretion in control of their dockets.

## FACTS

¶3. Kevin M. Chisolm was arrested on November 20, 1999, on a first offense DUI charge after his blood alcohol content registered .12 on an intoxilyzer machine. He posted $1,000 bond and was released. On December 15, 1999, Chisolm appeared and entered a not guilty plea in justice court. The trial was set for March 7, 2000, at 2:30 p.m. before Hinds County Justice Court Judge Clyde Chapman.

¶4. The Hinds County Justice Court sits as a criminal court the first week of every month. The court consists of five divisions with five judges, each assigned a different day of the week. Cases are randomly assigned to each division and are non transferable except in cases of judicial recusal. For each division or judge, once set, a case retains the same time slot for each successive setting except by the express request of the parties. Attorneys who maintain an active practice before the court are aware of the court's calendar and scheduling practices.

2

¶5.     State of Mississippi v. Kevin Chisolm was first set for trial on March 7, 2000 at 2:30 p.m. before Judge Chapman. Through a motion filed on March 1, 2000, Chisolm's attorney requested a continuance because of "prior scheduled court settings in the Municipal Court of the City of Pearl." That continuance was granted. The case was reset for Judge Chapman's next scheduled trial date, April 4, 2000.

¶6.     Again, the case was not heard, and the trial was again rescheduled for July 11, 2000. On May 27, 2000, Chisolm filed another motion for a continuance, again citing a prior setting in the Municipal Court of the City of Pearl. As the result of this motion, the case was reset for trial on September 12, 2000.

¶7.     The facts become confusing here as Chisolm alleges that a notice was received by Chisolm and his attorney that set the case for September 5, 2000. Chisolm and his counsel allege that they were prepared to go to court on September 5, 2000. Further, it is alleged by Chisolm and counsel that the next notice was postmarked August 23 and set the trial date for September 12, 2000. Chisolm and his attorney urge that they were not solely to blame for the continuances. Chisolm and his attorney allege that they were prepared to go forward on September 5 and that date was changed by the court. Chisolm states that during the time his attorney thought Chisolm's court date was September 5, his attorney set a date for another of his clients in Hinds County Court on September 12. Hind County Judge DeLaughter's office called the justice court, and a continuance was granted to Chisolm again.

¶8.     Once again, a motion for continuance was filed on August 28, 2000. At that time, an objection was interposed by the Hinds County Attorney's office. However, the case was continued. Chisolm's attorney received a "Notice of Trial" dated September 14, 2000, that he claims was postmarked September 19, 2000 (and which he oddly states in his brief was received on September 14).

¶9.     On September 15, 2000, Chisolm's attorney sent an assistant to the justice court to try to set a new date. At that time, Chisolm claims the assistant was advised that the case had been reset for October 3,

3

2000. Chisolm alleges in his brief that the assistant told Ms. Bobby Welborn, an employee of the justice court, that Chisolm's attorney would not be available. Welborn advised Chisolm's attorney to file another motion for continuance.

¶10.   On September 21, Chisolm's counsel filed yet another continuance due to cases he claimed were pending in Hinds County Court and in the Municipal Court of the City of Ridgeland. Chapman alleges that a check of Ridgeland court records revealed that the pending cases against those defendants, Smith and Sims, were based on DUI charges from July 2000, long after Chisolm's DUI charge in November of 1999. Chisolm's counsel alleges that the trial dates had been set in July and August of 2000, one month before receipt of notice from the Hinds County Justice Court of the October 3, 2000, date. Chisolm points out that the October 3 date had been set by the justice court on September 14, 2000.

¶11.   On September 22, Judge Chapman denied the motion for continuance. Chisolm's attorney received this denial on September 29, 2000. At the bottom of the first page of the Motion for Continuance which had been filed by Chisolm's counsel was a handwritten notation which read denied along with Chapman's signature.

¶12.   The trial was held October 3, 2000, at 2:30 p.m.. Chisolm and counsel did not appear nor did they appeal the denial of the motion for a continuance. The case was tried, and upon proof, Chisolm was found guilty. The statutory penalty of a $500 fine plus court costs was imposed. Chisolm was ordered to attend Mississippi Alcohol Safety Education Program. Judge Chapman issued a bench warrant for Chisolm's arrest to show cause why he should not be held in contempt for his failure to answer the summons, a procedure which Judge Chapman states is the usual and customary procedure when a defendant does not appear for trial. Judge Chapman states that, consistent with this Court's prior opinions and constitutional dictates, the judge did not impose the jail term provided for under the statute.

4

¶13. Chisolm states that his counsel was aware he could not be in two places at once and attended his prior scheduled appearances. Later that day Chisolm states that, his attorney was told by someone who had been present at the proceedings that Chisolm had been found guilty and a warrant issued for his arrest. Chisolm's attorney immediately filed an application for a temporary restraining order in the Hinds County Circuit Court requesting that the arrest warrant be set aside. He also filed a petition for a writ of mandamus in the circuit court requesting that his client's constitutional rights be protected.

¶14. The justice court judgment was stayed for 10 days. Chapman contends that Chisolm was given his appeal period after the judgment was issued.

¶15. In the pleadings addressed to the circuit court, Chisolm argued that his constitutional rights were denied since he did not have an attorney present at the October 3 trial. He also argued that the justice court judge erred in denying his motion for a continuance. Chisolm stated that a continuance should be granted when an attorney has other cases pending at the same time in different courts. Chisolm argued that upon a clear abuse of judicial discretion, a judge's actions concerning docket settings are subject to control by mandamus.

¶16. The Hinds County Circuit Court, First District, found that Chisolm was denied his constitutional rights under Article 3, Section 26 of the Mississippi Constitution and the Sixth Amendment of the United States Constitution. The circuit court also found that Judge Chapman abused his discretion in failing to follow applicable law in denying Chisolm's Motion for Continuance since Chisolm's attorney had previously scheduled trials set for the same date. Further, the circuit court found that where there is a clear abuse of discretion, the actions of a judge concerning docket settings are subject to control by mandamus. The circuit court also found that Judge Chapman abused his discretion when he found Chisolm guilty in his absence without his attorney present.

5

¶17. Sorie S. Tarawally, attorney for Judge Clyde Chapman, filed a Motion for a New Trial or to Stay Judgment or Order with the Hinds County Circuit Court. In this motion, Judge Chapman argued that the cases said to have been in conflict with the October 3, 2000, trial date were not tried on that day in Ridgeland and were also subject to numerous continuances by Chisolm in the Pearl court. Chapman also argued in his motion that Chisolm's counsel was briefly present in the Hinds County Circuit Court on October 3, 2000, at 9:00 a.m. and that both of those cases were dismissed.

¶18. Judge Chapman argued that municipal courts and justice courts are not courts of records and appeals are de novo to county courts. Chapman argues that Chisolm had this right but opted not to exercise it. Chapman states that it was error for the Hinds County Circuit Court to issue an injunction and writ of mandamus.

¶19. Chapman urges that the Uniform Rules of Circuit and County Court Rules, Rule 12.02, is applicable and controlling. He stated that this rule provides the method for appeal from justice court. Chapman further argued that he denied the continuance because he found a pattern of delay and avoidance in the requests by Chisolm's counsel.

¶20. Also found in his motion to the circuit court, is Chapman's insistence that a writ of mandamus is not the proper remedy as a substitute for appeal. Chapman urged that Chisolm will not suffer any injury in appeal as provided by law. He also argued that it is ironic that Chisolm complains about a speedy remedy when he spent the greater part of a year postponing his trial by asking for continuances.

¶21. Chapman further argued that he is accorded great discretion in the control of his docket. He urged that when a judge believes an attorney is orchestrating court calendars to avoid a trial on the merits, a denial of a continuance is not an abuse of discretion. Chapman encouraged the circuit court to acknowledge that a trial judge has control of his docket.

¶22.    The circuit court denied Chapman's motion, and this appeal ensued. We need only address two

of the issues raised.

## DISCUSSION

I.      **WHETHER JUDGE CHAPMAN ABUSED HIS DISCRETION IN DENYING A CONTINUANCE AND PROCEEDING TO TRIAL ON CHISOLM'S CASE IN HIS ABSENCE.**

¶23.    In *Jackson v. State*, 254 So. 2d 876, 878 (Miss. 1971), this Court noted that a trial judge has

broad discretion in granting and refusing continuances and stated:

> As the trial court has broad discretion as to whether or not a continuance should be granted in the trial of a case and, unless this Court can say from facts shown in the trial that the trial court abused its discretion, or that injustice has been done, the Supreme Court of Mississippi will not disturb the holding of the trial court denying such a motion.

*See also* *Boydstun v. Perry*, 249 So. 2d 661 (Miss. 1971); *Barnes v. State*, 249 So. 2d 383 (Miss.

1971); *Cummings v. State*, 219 So. 2d 673 (Miss. 1969); *Bennett v. State*, 197 So. 2d 886 (Miss.

1967).

¶24.    Further, Miss. Code Ann. § 99-17-9 (Rev. 2000) states that:

> In criminal cases, the presence of the prisoner may be waived, and the trial progress, at the discretion of the court, in his absence, if he be in custody and consenting thereto. If the defendant, in cases less than felony, be on recognizance or bail or have been arrested and escaped, or have been notified by the proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or be in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment final and sentence be awarded as though such defendant were personally present in court.

*Id.* This statute clearly provides an exception for misdemeanors such as Chisolm's DUI,

first offense. This allows a trial judge to proceed with trial.

¶25.    Chisolm clearly had notice of the pending trial against him. He and his attorney were aware that

the continuance had been denied. Judge Chapman, in his discretion, proceeded with the trial in Chisolm's

7

absence, and upon proof, found him guilty and gave him the statutory fine plus costs. Chisolm was not given jail time. As a result, we find that he was not denied his constitutional rights.

¶26. We also find that the circuit court erred in ordering Judge Chapman to set aside Chisolm's conviction. This Court has ruled that a denial of continuance by a trial judge will only be set aside if it is shown from the facts of the trial that an injustice has occurred. In this case, no injustice has occurred. Judge Chapman did not abuse his discretion in denying such a continuance nor did he err in proceeding to trial on a misdemeanor charge in the absence of the defendant.

## II. WHETHER THE CIRCUIT COURT ERRED IN ISSUING A WRIT OF MANDAMUS TO THE JUSTICE COURT ON BEHALF OF CHISOLM.

¶27. Miss. Code Ann. § 11-41-1 (Rev. 2002) gives the remedy of mandamus and provides:

> On the complaint of ... any private person who is interested, the judgment shall be issued by the circuit court, commanding any inferior tribunal ... to do or not to do an act the performance or omission of which the law specially enjoins as a duty resulting from an office ... where there is not a plain, adequate, and speedy remedy in the ordinary course of law....

*Id.*

¶28. ***In re Corr Williams Tobacco Co.***, 691 So. 2d 424 (Miss.1997), involved a request by defendants under M.R.A.P. 21, that this Court grant interlocutory relief by reversing certain interlocutory decisions of the chancery court. *Id.* This Court dismissed the petition as having no sufficient legal reason for intervention. *Id.* at 425. The Court found that the argument that there was no adequate remedy on appeal was without merit. *Id.* at 427. The argument that intervention would simplify, shorten or eliminate proceedings in the chancery court was also rejected. *Id.* This Court found that judicial efficiency and economy would best be achieved by an orderly procession of the matter through the chancery court and the appellate process. *Id.* The Court ruled that the petitioners had an adequate remedy through the trial

8

court. *Id.* (quoting *Bd. of Supervisors v. Miss. State Highway Comm'n*, 207 Miss. 839, 847, 42 So. 2d 802, 805 (1949), which held for the clear holding that the "writ of mandamus is a discretionary writ and even in a case where an absolute legal right is shown, the writ will be withheld whenever the public interest would be adversely affected.")

¶29.    *State v. Maples*, 402 So. 2d 350, 352 (Miss. 1981), held that a "writ of prohibition may issue as an aid to the appellate process by superior courts to inferior courts to prevent action by an inferior court or judge which cannot be remedied on appeal." *Id.* In *Maples*, this Court held that a circuit court judge's refusal to recuse himself in a criminal case upon motion of the State presented a unique situation where the State would be without an adequate remedy on appeal. *Id.* (If the circuit judge had rendered a directed verdict for the defendants, they could not be tried again). This Court specifically held that "if the trial judge has erroneously refused to vacate the bench and there is a verdict of acquittal or a directed verdict, the defendant in the criminal case cannot be tried again because of the double jeopardy provisions of the Constitution of the United States and the State of Mississippi." *Id.* at 353. This was the first time this Court ever issued such a writ. This Court stated that:

> The rule announced in this case will not apply to plaintiffs of defendants in civil cases, or defendants in criminal cases, where the judge is requested to recuse himself, because such parties may have the ruling of the trial judge reviewed on appeal.

*Id.* This Court noted that it has original jurisdiction to entertain a writ of mandamus to compel a trial judge to act in a matter pending before him. *Id*. at 352.

¶30.    *In re Moffett*, 556 So. 2d 723 (Miss. 1990), granted a writ of mandamus where a judge refused to recuse himself because of close kinship with an attorney for the defendant. Citing Canon 3(C)(1)(d) of the Code of Judicial Conduct and Miss. Const. art. 6, § 165 this Court found the judge in violation of the

9

provision requiring recusal absent the consent of the parties. 556 So. 2d at 724. This Court granted the writ because of the appearance of impropriety by the judge. *Id.* The writ was the proper remedy because of the "distasteful" nature of the case to an appellate court. *Id.* at 726. The case was remanded in the interest of justice. *Id.*

¶31.    In *Boydstun v. Perry*, 249 So. 2d 661 (Miss. 1971), the petitioner appealed from a refusal of a circuit judge to issue a writ of mandamus directing a circuit judge in another district to try two civil cases. *Id.* This Court held that the circuit judge had correctly ruled that he had no jurisdiction to issue the writ. *Id.* This Court then held that "original jurisdiction of the proceedings must necessarily rest with this Court, although factual questions might be heard by a specially designated trial judge appointed by this court to hear the facts." *Boydstun* further states that only in a case of the clearest abuse of judicial discretion would a circuit court judge's actions with respect to the docket settings in his court be subjected to control by mandamus. *Id.* at 664.

¶32.    This Court has also held that a statute requiring trial judges to render opinions and issue judgments in matters taken under advisement so that litigation can be finally terminated impinges upon the Constitution. *Glenn v. Herring*, 415 So. 2d 695 (Miss. 1982). A Supreme Court Rule was adopted authorizing any party in a case to apply for a writ of mandamus to issue to inferior court to require the court to render a decision on matters taken under advisement. *Id.* In *Glenn*, this Court stated that Article 6, § 146 of the Mississippi Constitution confers upon this Court appellate jurisdiction. *Id.* at 698. Appellate jurisdiction, of necessity, includes issuance of such incidental procedural orders or writs necessary to enable this Court to fully exercise its appellate jurisdiction. *Id.* at 698. The Court has jurisdiction to issue writs of mandamus and writs of prohibition to inferior courts as an aid to the appellate process. *Id.* at 698 (citing

10

*State v. Maples*, 402 So.2d 350 (Miss. 1981); *Woods v. Lee*, 390 So. 2d 1010 (Miss. 1980); *Boydstun v. Perry*, 249 So.2d 662 (Miss. 1971)). The writ of mandamus is an aid to the appellate process, because it directs an inferior tribunal to take some action so its judicial decision can be reviewed on appeal. *Id.* at 698.

¶33. *Woods v. Lee*, 390 So. 2d 1010 (Miss. 1980), held that the remedy available to a litigant when a trial judge failed to act on a motion for a new trial, or would not decide a case taken under advisement was to petition this Court for a writ of mandamus. *Id.* Both *Woods* and *Glenn* recognize the narrow function of mandamus, to compel the judge of an inferior court to perform a non-discretionary act he was required by law to perform.

¶34. Even in cases where there has been no question of the authority of a court to issue the writ in proper cases, the Court have consistently held that mandamus would not lie to compel an inferior tribunal to act in a certain way in reference to a discretionary matter. *Ill. Cent. R.R. v. Moore*, 215 So. 2d 419 (Miss. 1968); *Powell v. State Tax Comm'n*, 233 Miss. 185, 101 So. 2d 350 (1958); *City of Clarksdale v. Harris*, 188 Miss. 806, 196 So. 647 (1940); *Thomas v. Price*, 171 Miss. 450, 158 So. 206 (1934); *Bd. of Supervisors of Rankin County v. Lee*, 147 Miss. 99, 113 So. 194 (1927).

¶35. *Cowan v. Gulf City Fisheries, Inc.*, 344 So. 2d 724 (Miss. 1977), held that the circuit court erred in granting a writ of mandamus. The Court stated that the writ is "an extraordinary writ, available only where there is not a plain, adequate and speedy legal or administrative remedy." *Id.* at 725.

¶36. The proper function of mandamus is to supply a remedy for inaction on the part of an official or commission to whom it is directed and it is not a substitute for nor intended to serve the purposes of other modes of review. *Hinds County Democratic Executive Comm. v. Muirhead*, 259 So. 2d 692,

11

694-95 (Miss. 1972). It can direct an official or commission to perform its official duty or to perform a ministerial act, but it cannot project itself into the discretionary function of the official or the commission. *Id.* at 695. It can direct action to be taken, but it cannot direct the outcome of the mandated function. *Id.* In *City of Jackson v. McPherson*, 158 Miss. 152, 155, 130 So. 287, 288 (1930), this Court commanded that:

> It is not within the purposes of a writ of mandamus to direct an inferior tribunal to decide an issue of fact in a particular way, when the law has invested that tribunal with original jurisdiction to decide the question for itself. If this were not the rule, the determination of issues of fact, although committed to many different offices and board in the first instance, would be only advisory to the courts, and local government of all grades would or could be absorbed by, and transferred to the courts—a proposition contrary to the frame and structure of civil government in this country, and impolitic and impracticable to the last degree. In such cases, where as to the facts there exists any admissible doubt, or in respect to which reasonable men might conscientiously differ, the courts have, with a practical unanimity, declined to interfere with mandamus.

*Id.*

¶37. Here, the circuit court erred in issuing the writ of mandamus. Judge Chapman's decisions to deny any further continuance and to proceed to trial in Chisolm's absence were discretionary. The writ of mandamus was the improper procedural tool to remedy Chisolm's grievances. Hinds County has a county court system and appeals from a justice court are to the county court and the trial is de novo. See Miss. Code Ann. § 99-35-1; URCCC 12.02. Chisolm and his attorney improperly attempted to circumvent the orderly system of appellate review by asking the circuit court to issue an injunction or a writ of mandamus to give him a new trial in justice court. The writ of mandamus is an extraordinary remedy which is not a substitute for appeal. Chisolm will suffer no injury in a proper appeal as provided for by law. Under the law, cases before justice court and municipal judges are appealable and are tried de novo before a county judge. The law provides an adequate remedy for Chisolm. The grant of the writ of mandamus

was in error.  There is no reason that any erroneous actions by the justice court cannot be remedied on appeal.

## CONCLUSION

¶38.    The process by which Chisolm has sought to remedy his grievances, through a writ of mandamus, is not the proper remedy.  The justice court judge is given wide discretion in granting or denying continuances.  Chisolm was not improperly tried in absentia, as the statute contains an exception for a trial in the absence of a defendant who has been charged with a misdemeanor offense and is properly notified of the setting and chooses not to appear.  The circuit court erred in granting the temporary restraining order and the writ of mandamus.  This Court will  not allow a defendant, such as Chisolm, to circumvent the appellate process and seek such an extraordinary remedy when there is an adequate remedy at law.  Therefore, we reverse the circuit court's temporary restraining order and writ of mandamus, and we render judgment denying Kevin M. Chisolm's application for a temporary restraining order and writ of mandamus, and dismissing this civil action.

¶39.    **REVERSED AND RENDERED.**

        **PITTMAN, C.J., WALLER, COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.  McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

13