RANDOLPH, Justice,
Specially Concurring:
¶ 13. A writ of mandamus is “an extraordinary writ, available only where there is not a plain, adequate and speedy legal or administrative remedy.” In re Chisolm, 837 So.2d 183, 189 (Miss.2003) (quoting Cowan v. Gulf City Fisheries, Inc., 344 So.2d 724, 725 (Miss.1977)) (emphasis added). In their “Complaint for Writ of Mandamus,” Richard H. Bennett and the Concerned Citizens of Pearl River County, Mississippi (“Plaintiffs”) seek to engage the judiciary to require a governing body, the Board, to perform an act not authorized by law. Since the statute relied upon[2] does not authorize the governing body to act, our analysis should be short shrift. Thus, I concur in result, but for different reasons.
¶ 14. Mississippi Code Annotated Section 19-3-55 provides, in part, that:
[ujnless otherwise specifically required by law, the board of supervisors of any county shall upon the filing of a petition touching any matter affecting the entire county and over which it has jurisdiction, signed by twenty-five per cent, of the qualified electors of the county, either pass an order putting said proposition in force and effect or immediately submit the same to a vote of the qualified electors of the county....
Miss.Code Ann. § 19-3-55 (Rev.2003) (emphasis added). The “Solid Wastes Disposal Law of 1974,” see Miss.Code Ann. § 17-17-1 et seq. (Rev.2003) (“Disposal Act”), fits squarely within the exception to Mississippi Code Annotated Section 19-3-55. The Disposal Act also provides a plain, adequate and speedy legal remedy which nullifies the use of Mississippi Code Annotated Section 11-41-1 (Rev.2002). The al *988 ternative avenues of relief outlined in Chapter 17 constitute “a plain, adequate and speedy legal ... remedy[,]” rendering the “extraordinary” writ of mandamus improper. In re Chisolm, 837 So.2d at 189 (quoting Cowan, 344 So.2d at 725). Therefore, the learned circuit judge correctly determined that “in light of the facts, extraordinary relief is not warranted!)]”
¶ 15. The Majority limits its analysis to the standing issue. My concern is that, but for the exception to Mississippi Code Annotated Section 19-3-55 provided by the Disposal Act, the Board is statutorily required to “either pass an order putting said proposition in force and effect or immediately submit the same to a vote of the qualified electors of the county....” Miss. Code Ann. § 19-3-55 (Rev.2003). In such case, the Plaintiffs would have statutorily created standing, pursuant to Mississippi Code Annotated Section 19-3-55, to compel the Board’s compliance via the procedural means of a writ of mandamus. In short, it is this exception, along with the alternative legal remedy provided by the Disposal Act, not standing, which warrants denial of the writ.
¶ 16. Nonetheless, I concur with the result. The Plaintiffs failed to satisfy the requirements for the issuance of the writ as provided in Mississippi Code Annotated Section 11-1-41. Therefore, their application was properly denied.
WALLER, P.J., JOINS THIS OPINION. DICKINSON, J., JOINS THIS OPINION IN PART.

. See Miss.Code Ann. § 19-3-55 (Rev.2003).