# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00684-SCT

*RICHARD A. PREWITT*

*v.*

*CITY OF OXFORD, MISSISSIPPI, OXFORD MUNICIPAL COURT AND LAWRENCE L. LITTLE*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/2009 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GEORGE DUNBAR PREWITT, JR. |
| ATTORNEYS FOR APPELLEES: | PAUL BOWIE WATKINS, JR. |
| | POPE SHANNON MALLETTE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 04/08/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE GRAVES, P.J., DICKINSON AND CHANDLER, JJ.

### GRAVES, PRESIDING JUSTICE, FOR THE COURT:

¶1. After a misdemeanor conviction in municipal court, Richard A. Prewitt filed a collateral lawsuit in the Circuit Court of Lafayette County seeking writs of mandamus against the City of Oxford, the municipal court, and the municipal court judge. The City responded with a motion to dismiss and for sanctions. The trial court ultimately granted the City's motion to dismiss and ordered sanctions. Subsequently, Prewitt filed this appeal. Finding that the issues raised by Prewitt are without merit, we affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

¶2.    Prewitt, then age 20, was convicted of possession of alcohol by a minor in the Municipal Court of Oxford on November 19, 2008, after being found in possession of beer on the campus of the University of Mississippi. Prewitt was fined, ordered to perform community service, and ordered to complete an alcohol program. Prewitt is represented by attorney George Dunbar Prewitt, Jr. (hereinafter collectively referred to as Prewitt).

¶3.    On November 26, 2008, Prewitt filed a "Complaint & Motion" in the Circuit Court of Lafayette County, Cause No. L08-769, seeking writs of mandamus against the City of Oxford, the Oxford Municipal Court, and Municipal Court Judge Lawrence Little (hereinafter collectively referred to as the City). In his complaint, Prewitt challenged the personal and subject matter jurisdiction of the municipal court, and asked the circuit court for "appropriate injunctive relief and declaratory relief, including costs and attorney's fees" and to find the conviction void as a matter of law. Prewitt sent a copy of the motion to the City's counsel, who responded with a letter on December 9, 2008, stating that a petition for writ of mandamus was not a valid means of appeal and requesting that Prewitt dismiss the complaint or risk sanctions under the Mississippi Litigation Accountability Act. Prewitt responded with a Motion for Hearing and for Injunctive Relief, seeking an immediate hearing before Judge Henry Lackey on December 17, 2008. On December 16, 2008, the City filed a Motion to Dismiss and for Sanctions. The City further moved for dismissal for insufficiency of process pursuant to Rule 12(b)(4) and for failure to state a claim pursuant to Rule 12 (b)(6) of the Mississippi Rules of Civil Procedure. On December 18, 2008, Prewitt filed a Response to Defendants' Motion to Dismiss and for Sanctions. Prewitt asserted that the court clerk was at fault for failing to properly issue the summons. Prewitt

2

also acknowledged that a proper appeal of the conviction would have required the payment of an appeal bond of $619.50, a cost-bond obligation of $100, and a filing fee of $104.50.

¶4.     His immediate hearing was not granted. On December 19, 2008, Prewitt filed a notice of appeal for trial de novo of the municipal court conviction (Cause No. LK08-517MC). Thereafter, on January 12, 2009, the City filed a Supplement to Motion to Dismiss and for Sanctions, including this notice of appeal as an exhibit. The City asserted that it was withdrawing the insufficiency-of-process portion of its motion to dismiss because Prewitt had cured the deficiency, but asserted that dismissal was still proper under 12(b)(6) and in light of the fact that Prewitt then had two matters challenging the conviction pending before the circuit court.

¶5.     A Notice of Hearing was filed on January 16, 2009, setting the hearing on the Motion to Dismiss and for Sanctions on February 12, 2009, before Judge Robert Elliot at the Marshall County Courthouse. An order of recusal, on the Court's own *ore tenus* Motion of Recusal, was entered January 26, 2009, recusing all three judges of the Circuit Court of Lafayette County. On February 3, 2009, this Court entered an order appointing Special Judge Albert B. Smith, III. The City then noticed the motion for hearing before Judge Smith on March 11, 2009, at the Bolivar County Circuit Courthouse.

¶6.     On March 2, 2009, Prewitt filed a "Motion to strike the Defendants' pleadings, motions, responses, and the scheduling of a March 11, 2009 hearing in a Bolivar County site which is far removed from the location of the Lafayette County witnesses." On March 4, 2009, the City filed a Response to Plaintiff's Motion to Strike, asserting, in part, that Prewitt offered no support for his request and that the majority of Prewitt's motion contained

3

substantive arguments regarding his conviction, which he subsequently had appealed in a separate action. The City further indicated that it had provided advance notice of the proposed hearing in Bolivar County and Prewitt had not then objected to the location. The trial court did not rule on Prewitt's motion prior to the hearing, and Prewitt filed a Petition for Extraordinary Relief, or in the Alternative, for Permission to File an Interlocutory Appeal with this Court, asking that the March 11, 2009, hearing be stayed. This Court denied Prewitt's petition by order entered March 10, 2009.

¶7. After the March 11 hearing, the trial court announced its intention to grant the City's motion to dismiss, but asked for additional information regarding sanctions. The City filed a Supplement to Defendants' Motion for Sanctions on March 23, 2009. The trial court entered the Order of Dismissal on March 25, 2009, but held the motion for sanctions in abeyance pending further information. On April 3, 2009, Prewitt filed Plaintiff's Response and Objections to the "Supplement to Defendants' Motion for Sanctions." Prewitt asserted that he was not trying to circumvent the appropriate procedure, but merely invoking "both methods available under Mississippi law to contest a void judgment, i.e., this collateral proceeding and the direct appeal that was filed on November 19, 2008." Prewitt also took issue with a statement in the order of dismissal that the trial court had offered, prior to the hearing, to hear the parties by telephone, presumably regarding any issue as to the location of the hearing. In addition, Prewitt argued various other points, including disputing the amount of attorneys' fees claimed by counsel for the City. The City replied and supplemented the motion for sanctions on April 7, 2009. On April 20, 2009, the trial court

4

entered an Order Granting Sanctions in the form of attorney fees of $7,763.15 against

Prewitt. Thereafter, Prewitt filed this appeal.

## ANALYSIS

¶8.  Prewitt asserts the following issues on appeal:

1. Whether a Mississippi Municipal Court has (a) subject matter jurisdiction over crimes involving a person who was a minor at the time the crime was allegedly committed, (b) subject matter jurisdiction over an appellant who was an adult at the time of the appellant's conviction, (c) subject matter jurisdiction over a minor who did not possess alcoholic beverages in a public place, and (d) subject matter jurisdiction over a citation/affidavit which did not allege the essential facts of the alleged violation?
2. Whether a Mississippi Municipal Court has personal jurisdiction where a post-arrest citation, requiring the appellant's appearance in court, was issued by one of the arresting officers who could not be deemed a neutral and detached magistrate?
3. Whether a Mississippi Municipal Court has personal jurisdiction over a minor in the absence of formal process being issued to the minor and to the parents of the minor as required by *In re Edwards*, 298 So. 2d 703, 704 (Miss. 1974)?
4. Whether the venue statute, MCA 11-45-25, which requires that all litigation against a municipality be brought and heard in the county where that municipality is located, is exclusive and jurisdictional?
5.Whether Circuit Court Judge John Albert Smith III (a) erred in granting the appellee's 12(b)(6) motion to dismiss, and (b) whether Judge Smith's dismissal of the case, following a Bolivar County hearing of a case filed against the City of Oxford, Mississippi and City of Oxford officials in the Lafayette County Circuit Court, is void for lack of proper venue?
6. Whether the appellant properly relied on *Duvall v. Duvall*, 224 Miss. 546, 80 So. 2d 752 (1955), in filing the collateral lawsuit which alleged a void judgment by the Oxford Municipal Court?
7. Whether Judge Smith erred in imposing $7,763.15 in sanctions for what Judge Smith termed a "frivolous" lawsuit?
8. Whether the attorneys for the appellees were lawfully hired pursuant to MCA 25-1-47?
9. Whether (a) a Budweiser Beer is an alcoholic beverage in Mississippi and (b) whether the rear floor of a vehicle is a public place within the meaning of MCA 67-1-81(2)?
10. Whether MCA 43-21-159 violates Section 159(d) of the Mississippi Constitution?

5

¶9. The actual issue in this matter is simply whether the trial court erred in granting the motion to dismiss and ordering sanctions for filing a frivolous action.

¶10. A motion to dismiss for failure to state a claim under Rule 12(b)(6) raises an issue of law, which is reviewed under a de novo standard, and tests the legal sufficiency of the complaint. *Rose v. Tullos*, 994 So. 2d 734, 737 (Miss. 2008). This Court must find that there is no set of facts that would allow the plaintiff to prevail. *Id.*

¶11. In the Order of Dismissal, the trial court found, in part, that: "Instead of appealing his conviction, Plaintiff filed the instant lawsuit alleging numerous defects in the Municipal Court proceedings and seeking a writ of mandamus compelling Lawrence Little, the Municipal Judge, to vacate the conviction." The trial court also found that Prewitt filed the lawsuit to circumvent the appellate procedure, which would have involved paying a filing fee and posting an appeal bond and a cost bond.

¶12. The trial court found that, although Plaintiff objected to the venue of the March 11, 2009, hearing, no subpoenas were issued for witnesses' attendance at the hearing and no testimony was taken. The trial court further found, as follows:

> 7.  The March 11, 2009 hearing on this Motion was properly held at the Bolivar County Courthouse because Plaintiff consented to the hearing by his presence and because the Court was not required to hold any hearing on Defendants' Motion. Prior to the hearing date, the Court offered both parties the opportunity to be heard telephonically.
>
> 8.  Clearly established Mississippi law provides that the writ of mandamus is an extraordinary remedy and may not be granted as a substitute for other review. *See In re Chisolm*, 837 So. 2d 183 (Miss. 2003). In *Chisolm*, the Mississippi Supreme Court held that a writ of mandamus was an improper method for a plaintiff to challenge his justice court conviction because all his objections could be addressed through the statutory appeal process, which provided for a trial *de novo*. The *Chisolm* Court also held that a writ of

mandamus may not be used to direct the outcome of an official action. The Court finds that ***Chisolm*** is directly on point and binding on this Court.

¶13. More importantly, the trial court found:

13. The Court finds that, assuming the truth of all the averments in Plaintiff's Complaint, Defendants have shown beyond a reasonable doubt that there is no set of circumstances under which Plaintiff would be entitled to the relief he seeks.

¶14. We find that the dismissal was proper. In ***Chisolm***, this Court specifically said: "This Court will not allow a defendant, such as Chisolm, to circumvent the appellate process and seek such an extraordinary remedy when there is an adequate remedy at law." ***In re Chisolm***, 837 So. 2d 183, 190 (Miss. 2003). Upon receipt of a copy of Prewitt's initial complaint, counsel for the City immediately brought this case to Prewitt's attention in their letter dated December 9, 2008.

¶15. As discussed previously herein, the trial court granted the dismissal, but held the motion for sanctions in abeyance, pending the City's submission of supplemental information regarding the request for sanctions. Thereafter, supplemental responses were filed. On April 20, 2009, the trial court entered an Order Granting Sanctions, granting attorney fees of $7,763.15 against Prewitt pursuant to the factors set out in Mississippi Code Section 11-55-7 of the Litigation Accountability Act and Rule 11(b) of the Mississippi Rules of Civil Procedure. *See* Mississippi Code Ann. § 11-55-7 (Rev. 2002).

¶16. This Court reviews awards of monetary sanctions under Mississippi Code Section 11-55-5 and Rule 11 of the Mississippi Rules of Civil Procedure for an abuse of discretion. ***In re Spencer***, 985 So. 2d 330, 336-337 (Miss. 2008).

7

¶17.    Mississippi Code Section 11-55-5 of the Litigation Accountability Act states, in relevant part:

> [I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment, and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment . . . .

Miss. Code Ann. § 11-55-5(1) (Rev. 2002).   Section 11-55-7 sets out the factors to be considered in determining the amount of an award of attorney's fees.  Miss. Code Ann. § 11-55-7 (Rev. 2002).

¶18.    Rule 11 of the Mississippi Rules of Civil Procedure permits a court to impose sanctions against a party or his attorney.  Rule 11 provides, in relevant part:

> If any party files a motion or pleading which, in the opinion of the court, is frivolous or is filed for the purpose of harassment or delay, the court may order such a party, or his attorney, or both, to pay the opposing party or parties the reasonable expenses incurred by such other parties and by their attorneys, including reasonable attorney's fees.

Miss. R. Civ. P. 11(b).

¶19.    In granting sanctions of attorney fees of $7,763.15 against Prewitt pursuant to the Litigation Accountability Act and Rule 11(b) of the Mississippi Rules of Civil Procedure, the trial court said: "The Court found that the action was a frivolous action filed without substantial notification in order to harass the City of Oxford, Oxford Municipal Court and Lawrence L. Little as previously pointed out in the Order of Dismissal [sic] Findings of Fact and Conclusions of Law dated March 23, 2009."

¶20. We find that the record clearly supports a finding that Prewitt pursued a frivolous collateral action in circuit court and that the sanctions were appropriate.

## CONCLUSION

¶21. For the reasons stated herein, we affirm the trial court's order of dismissal and entry of sanctions. Further, Prewitt is assessed the costs of this appeal.

¶22. **AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**